HIGGINS, Justice.
 

 One of the grounds of the plaintiff’s motion to dismiss the defendants’ appeal is that the judgment appealed from is not a final one but in the nature of an interlocutory judgment which does not cause the defendants irreparable injury, the appeal having been taken from the judgment of the district court overruling a motion for a new trial and an application for a rehearing for the reason that they were filed too late.
 

 It appears that the plaintiff instituted an action praying for an alternative writ of mandamus, commanding the Secretary of State to annul and set aside a final certificate of dissolution issued to the Bering Oil Company, Inc., on December 31, 1942. One of the liquidators of the corporation was also made a party defendant. The petitioner alleged that on March 21, 1942, he entered into a contract of compromise with the defendant, Bering Oil Company, Inc., under the terms of which he reserved the right to litigate and have adjudicated his rights under the contract that were partially compromised, and that, therefore, there was a claim pending against the corporation at the time the certificate of dissolution was illegally issued. The corporation, through one of the liquidators, admitted the execution of the act of compromise, but denied that any claim had been made by the plaintiff against the corporation from the date of the act of compromise until the certificate of dissolution was issued, and averred that the affairs of the corporation had been completely liquidated, hence, the certificate of dissolution had been properly issued. The district judge, on July 21, 1944, entered a judgment in favor of the plaintiff, as prayed for and
 
 *413
 
 •signed it on July 26, 1944. The defendants filed their motions for a new trial and applications for a rehearing (which are not based on the grounds of newly discovered evidence) on July 28, 1944, and July 29, 1944, respectively. On September 8, 1944, the plaintiff filed a rule against the defendants to show cause why their motions and .applications should not be overruled because they were filed too late, not having been filed within three judicial days from .the rendition of the judgment. The rule was heard on October 2, 1944, resulting in a judgment, on October 16, 1944, making it .absolute. On October 25, 1944, the trial judge signed the judgment overruling the motions for a new trial and the applications for a rehearing because they had not been filed timely. On the same day, in open court, the liquidator (but not the Secretary of State) moved for and was granted alternative suspensive and devolutive appeals from the judgment rendered against him on the rule. Insofar as the record in this case is concerned, it does not appear that an appeal from the final judgment in favor of the plaintiff and against the defendants on July 26, 1944, has been taken. After the transcript was lodged here, the •plaintiff filed the motion to dismiss the appeal.
 

 In the case of Reeves et al. v. Barbe, 200 La. 1073, 9 So.2d 426, 428, the suit was predicated on a verbal joint adventure agreement covering two separate tracts of land. The defendant filed an exception of no cause of action to the petition with reference to one tract of land only. There was judgment below sustaining the exception and the plaintiff appealed. The appeal was dismissed on the ground that it was an interlocutory judgment where irreparable injury was not shown. The court also held that “ * * * The mere fact that the parties consented to the appeal would not warrant our entertaining it. *
 
 ‡ *»
 

 A judgment, an order, or a ruling by a district judge refusing to grant a new trial or a rehearing does not fall in the category or legal classification of a final judgment from which a litigant has the right to appeal. While such action on the part of a trial judge is not strictly or technically an interlocutory judgment, it is similar to one, because it cannot be considered a definitive judgment.
 

 The judgment overruling the motion for a new trial and the application for a rehearing because they were not filed within the delay allowed by law is not a final judgment and in that respect is like an interlocutory one, and as it appears that irreparable injury will not result therefrom, the liquidator is without the right to appeal from it. His remedy was to appeal from the final judgment on the merits, signed on July 26, 1944. The mere fact that the plaintiff filed a rule to show cause why the motions and applications of the defendants for a new trial and a rehearing should not be denied and the matter was considered on a rule, does not make the judgment thereon a final one. The plaintiff might have simply had the motions and applications ' set for hearing in accordance with the regular practice instead of proceeding by rule. The procedure employed by
 
 *415
 
 the plaintiff did not change the status of the judgment from a non-appealable to an appealable one.
 

 Counsel for the liquidator have not referred us to any authority in support of their contention.
 

 For the reasons assigned, the motion to dismiss the appeal is sustained and the appeal is dismissed at appellants’ costs.