SAMUEL, Judge.
Anna Saragusa, widow of Rosario Cen-tanni, died in the City of New Orleans on-. August 23, 1957, leaving a last will and testament in the nuncupative form by public act. Her husband had predeceased her (see Succession of Centanni, La.App. 142 So.2d 636). She was survived by ten children,, one of whom is Joseph Centanni, a resident of Italy and represented herein, as an absent heir, by an attorney appointed by the-court.
The will bequeathed $300.00 to Joseph and the remainder of decedent’s estate to the other nine children and provided that, in the event this disposition to Joseph was declared void, the other nine children were to receive the disposable portion of the estate. It also stated that the $300.00 given to the absent son constituted his share of' the estate and that, when considered with the many advances made by decedent during-her life to that heir, such advances amounted' to much more than the share any one of the other children would receive under the will. The same provisions were contained in the will left by decedent’s husband, as may be-seen by reference to his above cited succession.
In this case the attorney for Joseph-Centanni filed a petition and three supplemental petitions seeking, among other things, that the will itself be declared null and void, that the $300.00 bequest to him-be declared null and void, that certain property in the succession be declared to be-the separate and paraphernal property of the decedent and not community property, that the property be reappraised, that there be collation, that Joseph be recognized as-oné of the decedent’s ten children, as such entitled to inherit one-tenth of her estate and, alternatively, that Joseph be decreed, entitled to inherit his full portion as a forced heir.
*541 The case was tried on the merits, submitted for adjudication by all litigants, and taken under advisement by the trial judge on November 16, 1961. On the following day, November 17, petitioner obtained an ex parte order, from the judge of a division of the Civil District Court other than the one in which the trial was held, permitting the filing of a fourth supplemental petition.
On November 20, 1961 the trial judge read, rendered and signed a judgment which decreed decedent’s last will and testament to be valid and dismissed petitioner’s action for nullity of the will. The judgment contains no other decree and does not state that it dismisses plaintiff’s action as to any issue other than for nullity of the will. On January 5, 1962 the trial court rendered an order refusing a new trial. On March 2, 1962 that court rendered an order vacating the filing of the fourth supplemental petition.
No appeal was taken from the judgment on the merits. However, on April S, 1962 a devolutive appeal was taken from the refusal to grant a new trial and from the vacating of the order permitting the filing of the fourth supplemental petition. The appeal was conditioned upon the appellant furnishing an appeal bond in the sum of $50.00 and that bond was filed on April 26, 1962.
On April 13,1962 the trial court dismissed the appeal from the order refusing a new trial on the ground that the appeal had not been perfected by the timely filing of an appeal bond. On May 29, 1962 counsel for petitioner was granted a devolutive appeal from the trial court’s order of April 13, 1962.
As we understand the record, we have before us only the orders or judgments dismissing petitioner’s appeal from the refusal to grant a new trial and from the vacating of the order permitting the filing of the fourth supplemental petition.
The trial court was correct in dismissing the appeal from its refusal to grant a new trial. Under LSA-C.C.P. Art. 2088 that court was not divested of jurisdiction until the timely filing of the appeal bond. No written request was made for notice of the rendition of the interlocutory order or judgment on the motion for a new trial as set out under LSA-C.C.P. Art. 1914. Therefore, the delay for taking the devolutive appeal from the refusal to grant a new trial was not timely taken under LSA-C.C.P. Art. 2087, which provides that a devolutive appeal may be taken, and the security therefor furnished, only within 90 days of the court’s refusal to grant a timely application for a new trial. The security was furnished on April 26, 1962, more than 90 days after January 5, 1962, the date on which the court refused to grant a new trial. In addition, under LSA-C.C.P. Art. 2083, an appeal may be taken from an interlocutory judgment only when that judgment may cause irreparable injury. The refusal to grant a new trial is not such an interlocutory judgment and is not appealable. State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481.
We are also of the opinion that the trial court was correct in vacating the order, granted by another judge of the Civil District Court, which permitted the filing of the fourth supplemental petition after the case had been tried, submitted and taken under advisement. Regardless of whether the other judge had the authority to sign the order, concerning which we entertain serious doubts, the judge who tried the case and had the matter under advisement did have, and properly exercised, the authority to vacate.
We are under the impression from argument by both counsel before this court that the district judge restricted the trial to a hearing of the one issue regarding the validity of the will. This is indicated by the fact that the judgment passes only upon that issue and dismisses only petitioner’s action for nullity of the will. Even if there had been no such restriction, judgment of non-suit as to the other issues raised by the prayers in the original and supplemental petitions would have been *542 proper, and from a careful reading of the entire record it appears that petitioner’s claims as to some of those other issues maybe substantial. Under these circumstances we remand for further proceedings in connection with all issues other than the validity of the will.
For the reasons assigned, the orders or judgments appealed from are affirmed and the matter is remanded for further proceedings in connection with' all issues other than the validity of decedent’s last will and testament, all in accordance with law; costs of this appeal to be paid by the appellant.
Affirmed and remanded.