SAMUEL, Judge.
This is a suit for a final divorce based on living separate and apart continuously for more than two years under LSA-R.S. 9:301. At the time the suit was filed the parties were judicially separated, the defendant having previously obtained a judgment of separation from bed and board which granted to her the custody of the children born of the marriage and alimony for the support of those children.
Personal service in this suit was made on the defendant on January 23, 1963. The defendant failed to make an appearance and a preliminary default was taken on February 18, 1963 and confirmed on February 21, 1963, on which latter date judgment of final divorce was rendered and signed in favor of plaintiff. Thereafter defendant filed a motion for a new trial in which she alleged that the default judgment was taken by plaintiff in violation of an agreement between counsel for plaintiff and counsel for defendant, according to which agreement the latter was to be given additional time within which to consult with his client and prepare a defense. The motion further alleged that the defendant had a good and valid defense which she desired to present. After a hearing the trial court rendered and signed a judgment dismissing the motion for a new trial. Defendant has appealed from both judgments.
The refusal to grant a new trial is not strictly an interlocutory judgment but it is similar thereto and cannot be considered a final judgment; where it does not appear that irreparable injury will be caused thereby, a litigant cannot appeal from a judgment refusing to grant a new trial. LSA-C.C.P. Art. 2083; Succession of Centanni, La.App., 151 So.2d 539; State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481. In the instant case it appears that irreparable injury will not result and, accordingly, the appeal from the judgment refusing to grant a new trial must be dismissed. However, the defend *328 ant having also appealed from the final judgment of divorce, her complaints relative to the dismissal of the motion will be considered in connection with the appeal from the final judgment.
Neither of the two peremptory grounds for the granting of a new trial (LSA-C.C.P. Art. 1972) being present here, the granting or the refusal to grant a new trial rested within the discretion of the trial judge (LSA-C.C.P. Art. 1973). The trial judge refused to grant a new trial on two grounds: (1) the motion for a new trial was not timely filed; and (2) the existence of an agreement between opposing counsel giving additional time for the defendant to answer had not been proved.
The record reveals that on February 28, the last day on which the application could be timely filed, the motion was presented to the docket clerk, a bill was prepared therefor, the cashier was paid, and counsel brought the motion to the proper division of the court. No one was present in the division at that time and the motion was left on the desk of the division’s minute clerk at about 2:30 p. m. The clerk later entered a filing date of March 1 on the court’s minutes of that day.
We cannot agree with the trial judge’s conclusion that the motion had been filed too late. LSA — R.S. 13:1213 provides, in part: “For the services of the clerk of the civil district court, the following amounts shall be charged, * * (3) For filing any answer * * *, motion, * * From this statute it would appear that the motion was filed when it was presented to the deputy clerk and the filing charge paid. A written motion certainly can be filed in the absence of the judge; it need not-be filed in open court. We are of the opinion that the motion in the instant case was filed either upon presentation to the docket clerk and payment of the filing charge or when it was left on the desk of the proper division’s minute clerk. Both having been done on February 28, the motion was timely filed.
All of the remainder of the hearing on the motion was concerned only with the alleged agreement. Counsel for defendant testified that an oral agreement allowing defendant additional time to answer was entered into between the two attorneys during a telephone conversation. Counsel for plaintiff admitted a telephone conversation but denied entering into, or even discussing, any such agreement. The trial court referred to Rule 16 of the Civil District Court, which provides: “No agreement between attorneys or parties in respect to proceedings in a cause will be noticed by the Court unless it be in writing, signed and filed with the papers as part of the record.”, and, as we have mentioned, also dismissed the motion on the further grounds that the alleged agreement had not been proved.
We note that, although defendant’s counsel insists he needed time to prepare an answer, he did not inform the trial court, nor has he informed us, of the particular defense which he desired to prepare even though he was asked to give such information. Because of the nature of the suit and since it appears obvious that defendant had and has no intention of denying the two year separation, we know of no valid defense which could be presented to the action.
The oral agreement allowing additional time to answer having been alleged by the appellant, the burden of proving the same was upon her. We are therefore of the opinion that the trial court did not abuse its discretion in refusing to grant a new trial on the ground that the agreement had not been proved.
In connection with the confirmation of default the record contains, of course, only the testimony of plaintiff’s witnesses. On the basis of that testimony, which we have read carefully despite the fact that defendant has made no complaint regard- *329 mg the same, the judgment of divorce was properly granted.
For the reasons assigned, the appeal from the judgment refusing to grant defendant’s motion for a new trial is dismissed and the judgment of final divorce, also appealed from, is affirmed; costs in this court to be paid by defendant.
Appeal from judgment on motion dismissed; judgment on merits affirmed.