McBRIDE, Judge.
On March 19, 1963, plaintiff by rule recovered judgment against the three appellants for the amount of their alleged indebtedness on a forthcoming bond defendant furnished to release a sequestered automobile.
Defendants in rule (appellants) moved for a new trial March 21, 1963; judgment was rendered December 10, 1963, dismissing the motion for a new trial. This appeal was taken “from the final judgment rendered in the above cause on the 10th day of December, 1963.”
. Plaintiff-appellee moves to dismiss the appeal on the ground that the judgment refusing the new trial was merely interlocutory, caused no irreparable injury, and, hence, was unappealable.
Insofar as the record in this case is concerned, it does not appear that an appeal from the final judgment in favor of plaintiff and against the appellants on March 19, 1963, has been taken. If aggrieved by that judgment, appellants’ remedy was to appeal therefrom and not from the judgment of December 10, 1963, disposing of their motion for a new trial. If there is error concerning the judgment from which the appeal was intended to be taken, that is a matter we are unauthorized to rectify by sustaining the appeal.
*47 The motion must prevail; the appeal cannot stand. LSA-C.C.P. art. 2083 states that an appeal may be taken from a final judgment rendered in causes in which appeals are given by law and from an interlocutory judgment which may cause irreparable injury. The judgment refusing the new trial is not a final judgment, but is merely interlocutory and could cause appellants no irreparable harm. A judgment overruling a motion for a new trial is not appealable. State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481; W. L. Pace Piano Co. v. Louisiana Seeburg Piano Co., 154 La. 749, 98 So. 174; Succession of Centanni, La.App., 151 So.2d 539.
The motion to dismiss need not have been filed within the three days provided by LSA-C.C.P. art. 2161. Under the circumstances of the case, no motion or other proceedings on the part of appellee to have the appeal dismissed were necessary, because it would have been our bounden duty to notice ex officio appellants’ lack of the right to take an appeal from the harmless interlocutory judgment.
The motion is sustained and the appeal is dismissed.
Appeal dismissed.