McBRIDE, Judge.
Plaintiff-appellee moves to dismiss an appeal taken by defendant, Department of Highways of the State of Louisiana, from a judgment below on the ground that said judgment was one denying appellant a rehearing and that, hence, said judgment is merely interlocutory, can cause no irreparable injury and is unappealable.
This case was previously before us on an appeal by the Department of Highways. See Poirier v. T. L. James & Co., La.App., 163 So.2d 171. On rehearing and by subsequent per curiam, we remanded the case to the District Court for further proceedings as directed. After a trial on said remand, the lower court rendered judgment in favor of plaintiff and against Department of Highways for $643.75. The Department of Highways made timely application in the lower court for a rehearing of the matter, and on July 16, 1964, the court below denied said application.
On July 28, 1964, the Department of Highways was granted an appeal. The motion therefor reads in part as follows:
“On motion of the DEPARTMENT OF HIGHWAYS OF THE STATE OF LOUISIANA, defendant in the above entitled and numbered cause, through undersigned counsel of record, and upon suggesting to the Court that defendant is aggrieved by the judgment rendered herein on July 17, 1964, denying defendant1s application for a rehearing, and that defendant desires to appeal suspensively therefrom to the Court of Appeal, Fourth Circuit, State of Louisiana, without the necessity of posting an appeal bond.” [Italics ours.]
The appeal moved for is now before us, its dismissal being sought by the appellee. It will be noted that the appeal was not taken from the judgment of July 1, 1964, rendered on the merits of the case. The appeal was from the judgment denying the application for a rehearing. In the motion for appeal the mover misstated by one day the date of the judgment denying the application for a rehearing, but that is of no moment as it is crystal clear that the appeal was specifically taken from the denial of the rehearing eo nomine.
The motion to dismiss the appeal must prevail. The Supreme Court in General Motors Acceptance Corporation v. Deep South Pest Control, Inc., 247 La. 625, 173 So.2d 190, affirmed this court (166 So. 2d 46) in the dismissal of an appeal from a judgment refusing a new trial. The Supreme Court said:
“It is well settled that a judgment refusing a new trial is not appealable. It is not a final judgment and can produce no irreparable injury. State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481.
******
“We conclude, as did the Court of Appeal, that a fundamental defect mars the appeal. No right of appeal existed as to the appealed judgment. The defect is fatal.”
*395 Counsel for appellant importune us to 'spare the appeal and have formally moved for permission to-amend the motion for the appeal by changing the date “July 17, 1964” which is the date of the judgment denying a rehearing, to “July 1, 1964” which is the date of the final judgment rendered on the merits of the case, and to delete from the motion for appeal the phrase, “denying defendant’s application for a rehearing.”
Of course, said motion must be ■denied. We have no authority under the law to authorize an appellant to make any change in a motion for the appeal made in the lower court. The error made in a motion for appeal cannot be corrected by the appellate court, and the error is fatal.
For the reasons assigned, the appeal of the Department of Highways (motion made July 23, 1964 — order for appeal signed July 28, 1964) is dismissed.
Motion maintained and appeal »dis