On Rehearing
Before McBRIDE, YARRUT, SAMUEL, CHASEZ, HALL and JANVIER, JJ.
CHASEZ, Judge.
We granted a rehearing in this matter on the application of defendant, William T. Campbell.
The record in this matter discloses that:
On March 25, 1965 a judgment was rendered by the District Court in favor of Kirkeby-Natus Corporation and against the defendant, William T. Campbell, — [the basis of the judgment being a confession of judgment executed by defendant in authentic form]. — reading as follows:
“Considering the foregoing petition and the defendant’s confession of judgment by public act, filed herein, and the law and the evidence being in favor of the plaintiff, for the reasons this day orally assigned;
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein, in favor of the plaintiff, Kirke-by-Natus Corporation, and against the defendant, William T. Campbell, in the full sum of Four Hundred Fourteen Thousand, Two Hundred and no/100 ($414,200.00) dollars, together with interest at the rate of 8% per annum from November 7, 1964, until paid, and together with 10% attorneys’ fees thereon, and for all court costs of these proceedings, and that this judgment be rendered, signed and become executory forthwith.
“JUDGMENT READ, RENDERED AND SIGNED in open Court at New Orleans, Louisiana this 25th day of March, 1965.”
On March 30, 1965 the defendant, William C. Campbell, applied to the District Court for a new trial. This motion was tried on June 11, 1965 and submitted to the Court for adjudication. On the 6th day of July, 1965 the court rendered its judgment denying a new trial as follows:
“The motion filed herein on March 30, 1965 by William T. Campbell for a new trial, having been heretofore tried, argued and submitted to the court, and for the reasons orally assigned;
“IT IS ORDERED that the said motion for a new trial be dismissed and new trial denied.
“JUDGMENT READ, RENDERED AND SIGNED IN OPEN COURT on July 6, 1965.”
The defendant herein failed to appeal suspensively or devolutively from the judgment rendered by the Court against him on the 25th day of March, 1965.
The defendant however did on October 1, 1965 file a petition for a devolutive appeal from the judgment rendered by the court on July 6, 1965. That petition reads as follows:

“PETITION FOR APPEAL

“The petition of William T. Campbell, defendant in the above entitled and numbered cause, respectfully represents:
I.
“Petitioner desires to appeal devolutively from the final judgment rendered in the above cause on the 6th day of July, 1965.
“WHEREFORE, petitioner prays that he be granted a devolutive appeal in the *170 above entitled and numbered cause returnable unto the Court of Appeal, Fourth Circuit, State of Louisiana, within the delays fixed by law upon his giving bond with good and solvent surety conditioned as the law directs”.
The District Court signed an order granting the appeal, upon defendant furnishing bond in the amount of $100.00.
It is urged on behalf of the defendant, William T. Campbell, that he intended to appeal from the judgment rendered by the ■Court on March 25, 1965, and that this intention is indicated by the appeal bond furnished in this matter. However, as hereinabove set forth, the petition for appeal filed by defendant clearly states that the appeal is from the judgment dated July 6, 1965 and the bond can only be accepted as having been furnished for the appeal indicated in the petition. Thus it appears clear to the Court that the defendant intended to appeal from the judgment dated July 6, 1965, denying his application for a new trial, and did not appeal from the judgment that was rendered by the District Court on March 25, 1965.
This position, in our opinion is further supported by a memorandum filed with the Court by the defendant at the original hearing wherein the following appears:
“We respectfully submit to Your Honors that the Trial Court abused its discretion in not granting to your defendant a new trial in this matter. This error should be remedied on this appeal. “The judgment of the Trial Court should be reversed and remanded for further proceedings to hear and consider the defenses and evidence of the defendant.”
In dealing with the identical situation, in the case of General Motors Accept. Corp. v. Deep South Pest Con., 247 La. 625, 173 So.2d 190, the Supreme Court of Louisiana, on page 191, stated, among other things, the following:
“(2) It is well settled that a judgment refusing a new trial is not appealable. It is not a final judgment and can produce no irreparable injury. State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481.
“Even if we were disposed to construe the appeal motion as taking an appeal from the appealable judgment on the merits rendered against the appellants on March 19, 1963, (1. The appellants could have appealed suspensively from this judgment within 15 days after the refusal of a new trial as provided by LSA-C.C.P. Article 2123.) we are prevented from doing so by two barriers: Firstly, the motion for appeal by its terms limits its effect to the judgment of December 10, 1963. * * *
******
“(3) We conclude, as did the Court of Appeal, that a fundamental defect mars the appeal. No right of appeal existed as to the appealed judgment. The defect is fatal.”
In this case, the appeal motion by its terms limits its effect to the judgment of July 6, 1965.
A careful consideration and a thorough analysis of this matter convinces us that our former opinion and decree are correct and that they should be reinstated.
For the reasons assigned, our original opinion and decree herein are reinstated as the final judgment of this Court.
Original decree reinstated.