191 So.2d 692 (1966)
Willie STEVENS
v.
PATTERSON MENHADEN CORPORATION.
No. 6949.
Court of Appeal of Louisiana, First Circuit.
September 19, 1966.
Rehearing Denied November 9, 1966.
Writ Refused January 16, 1967.
*694 Eugene H. Lawes, Lake Charles, for appellant.
James A. George, of Faris, Ellis, Cutrone, Gilmore & Lautenschlaeger, New Orleans, Camp, Carmouche, Palmer, Carwile, Babin & Barsh, Lake Charles, for respondent.
Before LOTTINGER, LANDRY, REID, BAILES and LEAR, JJ.
LANDRY, Judge.
From an order of the Sixteenth Judicial District Court, St. Mary Parish, Honorable Rene H. Himel, Judge, presiding, annulling and setting aside a verdict in favor of plaintiff-relator, Willie Stevens, in said relator's suit for damages under the Jones Act (46 U.S.C.A. § 688), and ordering a new trial on motion of defendant-respondent, Patterson Menhaden Corporation, relator has applied to this Court for supervisory writs of prohibition, certiorari and mandamus.
In the court below the jury rendered a verdict in the sum of $75,000.00 on relator's claims for personal injuries, maintenance and cure and attorney's fees, whereupon defendant moved for a new trial, pursuant to which the trial court rendered the following order:
"The motion for new trial filed herein by DEFENDANT on the first day of June, 1966, was duly tried, argued and submitted to the Court, the Court being of the opinion that a new trial should be granted in this matter, and that there is good ground for same, for the reasons this day assigned in writing, same being attached to and made a part hereof,
"IT IS ORDERED, ADJUDGED AND DECREED that the VERDICT OF THE JURY rendered herein on the 27th day of May, 1966, be and it is hereby annulled and set aside, and that a new trial be granted in this cause, UNLESS the plaintiff, WILLIE STEVENS, shall accept within ten (10) days from the date hereof, a deduction in the said VERDICT to the sum of TWENTY THOUSAND AND 00/100 DOLLARS, with interest. * * *"
Relator chose not to comply with the remittitur suggested in the aforesaid order of the trial court and applied instead to this Court for writs designed to prohibit the new trial alternatively ordered by our brother below.
In his written reasons for the foregoing elective order for new trial, our esteemed brother below stated:
"There is no standard for the allowance of damages in Louisiana in personal injury cases.

* * * * * *
"The Court has no disagreement with the Jury verdict, except on the amount of damages.
"I agree with the verdict on defendant's negligence because defendant did not produce boat designer, pilot and rest of plaintiff's fellow crewmen.
"A new trial will be ordered unless plaintiff will accept within ten days a reduction of the verdict. * * *
"I fix this amount according to the following authorities: * * *."
The foregoing remarks of the trial court are followed by twelve pages of cited authorities from Louisiana and other jurisdictions dating from the early 1940's to the present time quoted from 16 A.L.R.2d, P-30 Sec. 5, pertaining to damages awarded in ankle injury cases, the type of injury sustained by relator.
Counsel for relator contends the written reasons of the trial court are self-evident of that tribunal's failure to apply to the present case rules pertinent hereto under the Jones Act, 46 U.S.C.A. § 688. Counsel also argues that relator was entitled herein to a common *695 law jury trial to which the statutes and jurisprudence of the forum are inapplicable considering the case at bar is a suit under the Jones Act. Specifically, counsel for relator maintains substantive rights of relator were denied by the failure of the trial court to consider damages for maintenance and cure to which plaintiff is entitled under the provisions of the Jones Act, supra, and Fitzgerald v. United States Lines Company, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720. Counsel also argues that the trial court likewise erred in declining to consider relator's claim for attorney's fees as an added item of damages in relator's suit for recovery of maintenance and cure and also attorney's fees as damages for failure to pay maintenance and cure where such failure to pay is unjustified, as held in Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88. In these respects counsel maintains the reasons given by the trial judge affirmatively reflect that he ignored the foregoing applicable provisions of the Jones Act and instead awarded damages in accordance with Louisiana jurisprudence governing awards for personal injuries, which does not contemplate recovery for either maintenance and cure or attorney's fees.
Counsel further argues that our brother below erred in not applying the Federal substantive rule that a jury verdict shall not be set aside by a trial court as excessive unless the amount thereof is beyond reason, or is so great as to shock the conscience, or so grossly excessive as to outrage the Court's sense of justice, or unless it appear that the jury disregarded the Court's instructions as to the measure of damages, or that the verdict was influenced by passion, prejudice, corruption or other improper motive, citing in support of such contention 35B C.J.S. Federal Civil Procedure § 1076, p. 452; 15 Am.Jur. 622, Sec. 205; Shehee v. Aetna Casualty and Surety Company, D.C., 122 F.Supp. 1.
Finally, counsel argues that if the trial court be permitted to set aside the jury verdict as excessive and order a new trial, the process may be repeated ad infinitum on subsequent trials thereby effectively depriving relator of his rights to relator's irreparable injury.
Counsel for relator is quite correct in the contention that the instant matter must be determined in accord with federal law and jurisprudence governing the substantive rights of plaintiff herein, to the exclusion of state law. In this regard we note the following appearing in Presley v. Upper Mississippi Towing Corporation, La.App., 141 So.2d 411, cert. den. June 20, 1962.
"When the Congress of the United States enacted the Jones Act it became paramount and exclusive in its operation and the question of the proper amount of damages in a suit by either an injured seaman or the beneficiary of a deceased seaman under the Jones Act must be determined according to principles of law as enunciated by the Federal Court in Chesapeake & O.R. Co. v. Kelly, 241 U.S. 485, 36 S.Ct. 630, 60 L.Ed. 1117."
To the same effect see Garrett v. Moore-McCormack Company, Inc., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239, wherein the following appears:
"This Court has specifically held that the Jones Act is to have a uniform application throughout the country unaffected by `local views of common-law rules.' Panama R. Co. v. Johnson, 264 U.S. 375, 392, 44 S.Ct. 391, 396, 68 L.Ed. 748 [755]. The Act is based upon and incorporates by reference the Federal Employers' Liability Act, * * * which also requires uniform interpretation. Second Employers Liability Cases (Mondou v. New York, New Haven & Hartford Railroad Co.), 223 U.S. 1, 55 et seq., 32 S.Ct. 169, 177, 56 L.Ed. 327 [348], 38 L.R.A.,N.S., 44 [1 NCCA 875]. This uniformity requirement extends to the type of proof necessary for judgment. New Orleans & N.E.R. Co. v. Harris, 247 U.S. 367, 38 S.Ct. 535, 62 L.Ed. 1167.
"In many other cases this Court has declared the necessary dominance of admiralty *696 principles in actions in vindication of rights arising from admiralty law. Belden v. Chase, 150 U.S. 674, 14 S.Ct. 264, 37 L.Ed. 1218, an 1893 decision which respondent relies upon as establishing a contrary rule, has never been thus considered in any of the later cases cited.
"It must be remembered that the state courts have concurrent jurisdiction with the federal courts to try actions either under the Merchant Marine Act or in personam such as maintenance and cure. The source of the governing law applied is in the national, not the state, governments. If by its practice the state court were permitted substantially to alter the right of either litigant, as those rights were established in federal law, the remedy afforded by the state would not enforce, but would actually deny, federal rights which Congress, by providing alternative remedies, intended to make not less, but more secure. The constant objective of legislation and jurisprudence is to assure litigants full protection for all substantive rights intended to be afforded them by the jurisdiction in which the right itself originates. Not so long ago we sought to achieve this result with respect to enforcement in the federal courts of rights created or governed by state law. And admiralty courts, when invoked to protect rights rooted in state law, endeavor to determine the issues in accordance with the substantive law of the State. So here, in trying this case the state court was bound to proceed in such manner that all the substantial rights of the parties under controlling federal law would be protected. Whether it did so, raises a federal question reviewable here under § 237(b) of the Judicial Code, 28 U.S.C.A. § 344(b)."
It appears Federal jurisprudence is also established to the effect that a remittitur may not be granted in lieu of a new trial without the consent of the party thereby adversely affected. See C.J.S. Vol. 35B § 1101.
While we find some dictum in Delta Engineering Corp. v. Scott, (Fifth Cir.Ct. App.) 322 F.2d 11, to the effect that a plaintiff may accept a remittitur under protest and appeal therefrom as an alternative to a new trial, the language so indicating is therein conceded to be obiter dictum and was unnecessary to a decision therein inasmuch as the opinion clearly turned on other issues.
Assuming arguendo, plaintiff under the Federal rule may have the right to accept a remittitur under protest and appeal therefrom, we are not herein called upon to decide this particular issue in the instant matter. When relator declined to accept the remittitur ordered by the learned trial court, the order of the court below became nothing more than a judgment granting a new trial. Federal jurisprudence is settled to the effect that in general an order setting aside a jury verdict is not appealable. 36 C.J.S. Federal Courts § 290(20). Under Federal procedural rules an order granting a new trial is likewise non-appealable. 36 C.J.S. Federal Courts § 290(21).
Our own procedural rule as set forth in LSA-C.C.P. Article 1841 defines a final judgment as one that determines the merits either in whole or in part. Under that criteria it has been consistently held that a judgment granting a new trial is not a final judgment and therefore not appealable under the laws of our state. McWillie v. Perkins, 20 La.Ann. 168; Wheeler v. Maillot, 15 La.Ann. 659; Acomb v. Acomb, La.App., 160 So.2d 326.
Our law expressly provides an exception to the general rule that a judgment which is interlocutory rather than final is not appealable. Article 2083 C.C.P. provides that a judgment, though interlocutory in nature, is nevertheless appealable if it results in irreparable injury.
Able counsel for relator apparently acknowledges the judgment herein complained of is not appealable under our rules. Evidently it is for that reason counsel seeks to *697 invoke our supervisory power of review by writ of certiorari on the ground irreparable injury will otherwise result herein. Counsel's position is based on the theory that the trial court may set aside successive verdicts in relator's favor ad infinitum, thereby depriving relator of his rights, to relator's irreparable injury.
It has long been recognized in this state that orderly procedure and efficient administration of the affairs of appellate courts require the confinement of appellate review to the right of appeal when adequate remedy is provided thereby and irreparable injury will not result therefrom. Conversely, the supervisory jurisdiction of appellate courts may not be invoked except in those cases where irreparable injury will otherwise result, or appeal affords an inadequate remedy. Louisiana Const. of 1921, Art. 7, Sec. 29, as amended by Act 561 of 1958. See also Henry G. McMahon, Supervisory Jurisdiction and Procedure, XXIII Louisiana Law Review, Pages 394-395. See also Supervisory Powers of the Louisiana Courts of Appeal, Albert Tate, Jr., XXXVIII Tulane Law Review, Page 429, et seq.
The contention that the trial court may set aside successive jury verdicts in a civil suit ad infinitum to the irreparable injury of a litigant thereby aggrieved is an argument easily answered adversely to relator's position.
Our independent research discloses the Federal rule is settled to the effect that ordinarily an appellate tribunal will not review the action of a trial court in granting or denying a motion for a new trial for excessiveness or inadequacy of the jury verdict. New York Cent. & H.R.R. Co. v. Fraloff, 100 U.S. 24, 25 L.Ed. 531. See also 11 A.L.R.2d Page 1217 et seq., Setting Aside or Reducing Verdict; see especially cases cited page 1219 under paragraph title "Federal Constitution."
The foregoing general Federal rule appears to be subject to certain exceptions recognized in Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439, which exceptions relate solely to the scope of review rather than the procedural aspects thereof.
At this stage of the present matter we are not concerned with the scope of appellate review, (which we acknowledge must accord with Federal rules and jurisprudence) but rather only with the correct method or procedure pursuant to which appellate review is exercisable.
Regarding the issue of successive new trials the general rule is found in Vol. 39 Am.Jur. Verbo New Trials, Page 41 § 16, wherein we note the following:
"In the absence of statute, there is no rule against granting a new trial after two concurring verdicts, and the court will not hesitate if the verdicts are against law. In such a case, however, the court will proceed with caution and deliberation; and indeed, a second new trial will rarely be ordered except for error of law. The number of new trials that may be granted is, however, limited by statute in many states. Such statutes vary somewhat in language, and there is considerable diversity of opinion as to their effect; but it is generally held that they are intended to limit the power of the court over the findings of fact by the jury upon regular proceedings and a correct charge, and not to prevent the granting of new trials for errors committed by the court or for improper conduct which may vitiate the verdict. They apply to a case where in the opinion of the judge the verdict should have been otherwise than as rendered because of the insufficiency of the evidence to sustain it, but not to a case where there is no evidence at all. Moreover, it has been held that a statute limiting the number of new trials that may be granted to either party in any case does not prevent the trial court from setting aside a verdict and granting a new trial on its own motion. Such statutes are intended better to assure litigants *698 the right of trial by jury. If it were permitted to the courts to set aside verdicts of juries, without limitations or restrictions, they might, in effect, by their action in continually and continuously granting motions for new trials render absolutely nugatory the right of trial by jury granted by the Constitution. The constitutionality of statutes of this character has been generally upheld."
Our research discloses that Federal jurisprudence recognizes the validity and application of state law limiting and restricting the authority of state courts to set aside a jury verdict. Louisville and Nashville Railroad Company v. Woodson, 134 S.Ct. 614, 10 S.Ct. 628, 33 L.Ed. 1032. Our own law, LSA-R.S. 13:4160, provides that no trial judge may set aside a jury verdict more than twice. It further provides that should there be three jury trials in a single action, the third verdict shall stand; that judgment shall be rendered thereon and no motion for new trial shall lie therefrom. We believe our own law restricting the right of a trial court to order a new trial is applicable herein under Federal jurisprudence, and it is our intention to apply it in cases of this nature in the absence of contrary direction from higher authority.
We do not agree with relator's contention that the record is self-evident of the trial court's refusal to apply the measure of damages envisioned by the Jones Act. In this connection we note that among the numerous authorities cited, the learned trial court quoted many Federal cases, some of which were actions under the Jones Act. Assuming, however, for argument's sake, that the trial court did err as counsel contends, such error does not cause irreparable injury and may be remedied by ordinary appellate procedure.
Adequate remedy awaits relator herein by way of appeal. Where adequate equitable relief is available upon appeal, certiorari will not lie. Even though appeal may present a litigant with some inconvenience and delay, such injury as may be attendant thereupon, if not irreparable, will not justify invocation of the supervisory powers of the appellate courts. State ex rel. Cole v. Judge of Fifth Judicial District, 29 La.Ann. 803.
Writ denied.