LeSUEUR, Judge.
This appeal was taken by plaintiff, Howard Builders, Inc., from an order of the trial court granting defendant, John Maen-za, a new trial.
The chronological list of events preceding this appeal is as follows: On May 13, 1968, plaintiff secured a judgment against defendant on a building account after a trial at which neither defendant nor his attorney were present. On the same day, May 13, 1968, attorney for defendant filed 2 motions with the trial judge, one seeking a new trial and the annulment of the judgment rendered and the other seeking to consolidate this action with another previously filed between the same parties. The defendant alleged, and supported his allegations by affidavits that, prior to May 13, counsel for both parties had agreed that these matters would be consolidated and this particular matter would not be tried on May 13. The trial judge signed an order that annulled and set aside the judgment in favor of plaintiff and granted a new trial in this cause, and also signed an order that granted a hearing to consider the consolidation of the two actions. The hearing was held on May 17, 1968, and a judgment was rendered consolidating the two actions. On May 21, plaintiff filed a rule to set aside the order of May 13, granting a new trial. The rule was heard on May 31, 1968, and was dismissed. Plaintiff has appealed the “final” judgment of May 31, dismissing its rule and refusing to reinstate the initial judgment of May 13.
The question of the appealability of a judgment refusing a new trial was settled by the Supreme Court in the case of General Motors Acceptance Corporation v. Deep South Pest Control, Inc., 247 La. 625, 173 So.2d 190 (1965), and the cases following it. The court in that case affirmed a judgment of this court that held:
“The motion must prevail; the appeal cannot stand. LSA-C.C.P. art. 2083 states that an appeal may be taken from a final judgment rendered in causes in which appeals are given by law and from an interlocutory judgment which may cause irreparable injury. The judgment refusing the new trial is not a final judgment, but is merely interlocutory and could cause appellants no irreparable harm. A judgment overruling a motion for a new trial is not appealable. State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481; W. L. Pace Piano Co. v. Louisiana Seeburg Piano Co., 154 La. 749, 98 So. 174.”
The same reasoning applies to an appeal granting a new trial, which is also an interlocutory, nonappealable judgment and merely returns the parties to their original positions.
Disregarding for the sake of argument that a judgment granting a new trial is not appealable, we make the further observation that the trial judge in this case had valid bases for his action. The ex parte order signed in this case had the same affect as the court granting a new trial on its own motion within the provisions of LSA-C.C.P. art. 1971:
“A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues.”
Nor do we find an abuse of discretion allowed the trial judge under LSA-C.C.P. art. 1973:
“A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.”
For the foregoing reasons the appeal of Howard Builders, Inc., from the judgment granting a new trial to John Maenza is dismissed, with Howard Builders, Inc. to bear all costs of this appeal.
Appeal dismissed.