BLANCHE, Judge.
Plaintiff, Delores Betts Price, filed suit against her husband, Joseph N. Price, seeking a separation on the grounds of cruelty, custody of her minor child and child support in the sum of $150.00 per month. In connection with this petition, a rule nisi was issued ordering the defendant husband to show cause on the 7th of October, 1971, why plaintiff should not be granted the provisional care and custody of her minor child and child support in the sum of $150.00 per month. The matter came on for hearing according to regular assignment and judgment was rendered in favor of plaintiff as prayed for on October 28, 1971, and signed and filed on November 4, 1971. This judgment reflects that the defendant failed to appear. On the same day that the foregoing judgment was signed, the defendant filed a motion for a new trial, made returnable on November 18, 1971, to set aside the foregoing judgment. The minute entry shows that this matter came on for hearing in accordance with regular assignment and that on November 18, 1971, the trial judge rendered judgment in open court denying a new trial. However, there is no judgment in the record signed by the trial judge denying the *389 granting of the new trial, nor is there any minute entry in reference to a judgment being signed therein.
The following day, November 19, 1971, a judgment by default was taken by the plaintiff where she was granted a separation from the defendant, custody of her minor child and child support in the sum of $150.00 per month. There is no minute entry to reflect this proceeding, but the judgment is shown to have been filed in the record on November 19, 1971.
On November 23, 1971, defendant filed another motion entitled “Motion to Reduce Alimony.” This rule was made returnable on December 2, 1971, and ordered the plaintiff to show cause why the child support should not be reduced to $37.50 per month. The motion was actually the first contradictory motion concerning the issue as to the amount defendant should be required to pay for child support. This motion came on for hearing according to regular assignment, and on December 8, 1971, judgment was signed recalling the rule and maintaining the court’s previous orders requiring the defendant to pay plaintiff child support in the sum of $150.00 per month.
Following this judgment, a minute entry on December 14, 1971, shows that on motion of counsel for defendant a devolutive appeal was granted to defendant, made returnable to this court on February 10, 1972, and the appeal bond of $250.00 set by the trial judge was posted by the defendant on December 28, 1971. The minute entry does not specify which of the foregoing judgments was appealed from. The notice of appeal mailed by the clerk to counsel specified the following judgments as having been appealed, to-wit: the judgment signed November 4, 1971, which was a judgment rendered on the original rule filed by plaintiff; the judgment on November 18, 1971, which denied the new trial as to the foregoing judgment on rule of November 4, 1971, which judgment was never signed; and the judgment of November 19, 1971, which was the judgment in plaintiff’s favor on confirmation of default. There was no mention in the notice of appeal of the judgment signed on December 8, 1971, as having been appealed.
While this matter was on appeal to this court, counsel for plaintiff, on March 24, 1972, filed two motions to dismiss the appeal, one directed to the judgment rendered on November 18, 1971, and the other directed to the judgments signed on November 4, 1971, and November 19, 1971.
These motions were referred to the merits at the time the case was argued before us on appeal.
We are of the opinion that defendant’s motion to appeal should be directed to all appealable judgments in the record of the case. Code of Civil Procedure Article 2083 so provides when it states that:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
At the time defendant made his motion for appeal on December 14, 1971, only the judgments of November 4, 1971, November 19, 1971, and December 8, 1971, were appealable. The judgment rendered on November 18, 1971, being a judgment refusing to grant a new trial, is interlocutory in nature and is not appealable under the provisions of Article 2083, supra, and the jurisprudence interpreting the same as set forth in the cases of State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481 (1945); General Motors Acceptance Corporation v. Deep South Pest Control, Inc., 166 So.2d 46 (La.App. 4th Cir. 1964), judgment of Court of Appeal affirmed, 247 La. 625, 173 So.2d 190; Acomb v. Acomb, 160 So.2d 326 (La.App. 4th Cir. 1964); Succession of Centanni, 151 So.2d 539 (La.App. 4th Cir. 1963).
Accordingly, plaintiff’s motion to dismiss the appeal from the judgment rendered November 18, 1971, is granted.
*390 With regard to the judgment signed on November 4, 1971, inasmuch as a motion for a new trial was timely filed by defendant on November 4, 1971, and denied on November 18, 1971, an appeal from this judgment was required to have been taken, and the requisite appeal bond furnished, within thirty days after the denial of the motion for a new trial, or thirty days after November 18, 1971, in accordance with Code of Civil Procedure Article 3942, which makes applicable the rule of Code of Civil Procedure Article 2087(2). Although defendant moved for and was granted an appeal within the prescribed delay, defendant failed to furnish the required appeal bond within the requisite thirty-day delay. Defendant’s appeal bond not having been filed until December 28, 1971, brings about the result that this court has no jurisdiction to entertain an appeal from this judgment. Accordingly, the motion to dismiss the appeal from the judgment signed on November 4, 1971, is also granted.
With regard to the judgment signed on November 19, 1971, appeal from this judgment was required to have been made and the requisite appeal bond furnished, within thirty days from the expiration of the delay for filing a motion for a new trial, in accordance with the provisions of Code of Civil Procedure Article 3942, which makes applicable the provisions of Code of Civil Procedure Article 2087(1). Again, although defendant’s motion for an appeal was taken within the requisite delay, defendant’s failure likewise to furnish the required appeal bond timely results in this court’s having no appellate jurisdiction over the case insofar as the judgment of the trial court signed on November 19, 1971, is concerned. The motion to dismiss the appeal from the trial court’s judgment signed on November 19, 1971, is, accordingly, also granted.
Defendant, in his motion to dismiss, has attached a true extract from the minutes of The Family Court which purports to be a correction by the court, ex proprio motu, of its minutes of December 14, 1971, to show the judgments being appealed, i. e., the judgments being rendered on October 28, 1971, November 4, 1971, November 18, 1971, and November 19, 1971. Inasmuch as there is no judgment in the record dated October 28, 1971, although one was rendered on ’that date and later signed on November 4, 1971, it would appear that the foregoing minutes are in need of further correction.
The significance of the foregoing amendment is pertinent, however, to defendant’s argument that no appeal from the judgment dated December 8, 1971, has been ordered and, therefore, we are without jurisdiction to consider an appeal from said judgment.
This argument is without merit. There is no provision in the Code of Civil Procedure which requires an appellant to particularize or specify which judgment is being appealed so long as there is an ap-pealable judgment in the record according to the provisions of Article 2083. At the time plaintiff entered his appeal and posted his bond, the judgment of December 8, 1971, was a final judgment and one from which he could appeal under the provisions of Article 2083 of the Code of Civil Procedure, and the appeal was timely perfected under the provisions of Article 2087 of the Code of Civil Procedure by the posting of the bond on December 28, 1971.
Our attention is next directed to a motion filed by the plaintiff entitled “Motion to Complete Record on Appeal and for Continuance.” This motion calls our attention to the fact that the record does not include the transcript of the testimony heard in open court on December 2, 1971, and upon which the said judgment signed on December 8, 1971, was predicated and which judgment we have, for reasons here-inabove, considered to be the subject of this appeal. Though the merits of the case have been argued before us, we are unable to decide the matter without the benefit of the transcript, and for this reason we are *391 compelled to remand the case with directions to the Clerk of Court to prepare and file a transcript of the proceedings heard in open court on December 2, 1971, and which relate to the judgment signed by the court on December 8, 1971.
For the above and foregoing reasons, the motions to dismiss the appeal are granted as to the judgments rendered by the trial court on November 4, November 18 and November 19, 1971. The matter is further remanded with instructions as hereinabove set forth.
Appeal dismissed as to judgments rendered on November 4, November 18 and November 19, 1971, and case remanded with instructions.