272 So.2d 392 (1972)
Delores Betts PRICE, Plaintiff-Appellee,
v.
Joseph N. PRICE, Defendant-Appellant.
No. 8996.
Court of Appeal of Louisiana, First Circuit.
October 2, 1972.
On Rehearing December 26, 1972.
Joseph A. Gladney, Baton Rouge, for defendant-appellant.
Donn Moss, Hebert, Moss & Graphia, Baton Rouge, for plaintiff-appellee.
Before SARTAIN, ELLIS and BLANCHE, JJ.
SARTAIN, Judge.
This is the second of two appeals, consolidated for argument, relating to child support. The first appeal, our docket number 8885, pertains to a judgment rendered on December 8, 1971, decreeing that defendant-appellant be condemned to pay $150.00 per month for the support of his minor child. Reference is made to our original opinion therein, rendered this date, on rehearing, at 272 So.2d 388, for a chronology of events culminating with our decision on rehearing.
On February 14, 1972, and while appeal number 8885 was pending in this court, defendant-appellant filed a motion for a reduction in his child support payments alleging a change of circumstances. A rule nisi issued, the matter was heard, and his payments were reduced from $150.00 per month to $120.00 per month. Judgment thereon was rendered on February 17, 1972, and signed on February 18, 1972. The instant appeal followed. It is appellant's contention here that the reduction from $150.00 to $120.00 is insufficient and should be further reduced to a sum not to exceed $50.00 per month.
As stated in our opinion in appeal number 8885, the record failed to contain the testimony adduced at a hearing on December 2, 1971. We remanded the matter for the purpose of completing the record by having it include the testimony of that date. Such testimony reflects the only adversary hearing conducted in the trial court because the original judgment was taken by default.
In the instant appeal (Number 8996), appellant alleges that the needs of the child were reduced by $55.00 per month because appellee was no longer paying her mother $100.00 per month to take care of the child but instead had placed him in a day-nursery at a cost of $45.00. At the hearing on *393 this rule, appellant endeavored to relate his own monthly needs and expenses. Counsel for appellee objected on the grounds that the matter was entirely reviewed at the December 2, 1971, hearing and such evidence was inadmissible. The objection was sustained and appellant proffered such evidence under C.C.P. Art. 1636.
We agree with the trial judge that the only evidence indicating a change of circumstances was the reduction in day-care expenses for the child. The remaining evidence included in the proffer was repetitious and fully covered at the hearing on December 2, 1971. Accordingly, for the purpose of this decision and that in appeal number 8885, we shall limit our consideration to the testimony of that date plus the fact that the needs of the child were reduced by $55.00 when the last motion to reduce was filed several months later.
Appellant urges that the trial judge failed to consider or to give proper weight to the earnings of appellee and the mutual obligation of each parent to support their children when both are gainfully employed. We agree with appellant's position and find that the amount of $150.00 per month as ordered by the trial judge to be paid by the father is grossly excessive and should be reduced to the sum of $75.00 per month.
The record reveals that appellant earns a gross of $830.00 per month, with a net take-home pay of $591.40 per month. Appellee is a school teacher earning $9,550.00 per year or $712.50 per month, with a net take-home pay of $538.22. Each has standard federal and state income tax deductions, comparable contributions to their respective retirement systems, hospitalization policies, credit unions, and auto loans.
Appellant listed his monthly expenses at $411.00, plus the payment of fixed obligations of $235.00 per month. Appellee listed the monthly living expenses of herself and the child at $459.37 per month, plus the payment of fixed obligations of $213.27 per month. Some of the obligations claimed by each are community and some were contracted after their separation.
We recognize that in determining the amount a parent should pay for the support of his or her minor child, considerable discretion is vested in the trial judge. His decision will only be amended on appellate review if the record clearly evidences an abuse of such discretion.
In Poydras v. Poydras, 155 So.2d 221 (1962), this court dealt with a factual situation similar to the case at bar. There we said: (155 So.2d 221, 222):
"Article 227 of the LSA-Revised Civil Code of the State of Louisiana, deals with the obligation of parents to support their children and reads as follows:
"`Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.' (Emphasis ours)
"The case of Thornton v. Floyd, 229 La. 237, 85 So.2d 499, 502 recognized this principle in the following language, to-wit:
"`We are fully cognizant of the parental obligations of mothers and fathers to support and maintain their children as prescribed by LSA-Civil Code Article 227.' (Emphasis ours)
"The organ of the court in the case of Black v. Black, 205 La. 861, 18 So.2d 321, also applied the rule of Article 227 of the Revised Civil Code as follows:
"`The fact that Mrs. Black is earning more than Mr. Black does not relieve Mr. Black of the obligation of contributing to the support of his children, although it may justify the award of a less amount than would be granted in case Mrs. Black was in necessitous circumstances.' (Emphasis ours) *394 "Other pertinent articles of the LSA-Civil Code are as follows:
"`Art. 230. By alimony we understand what is necessary for the nourishment, lodging and support of the person who claims it. It includes the education, when the person to whom the alimony is due, is a minor.'
"`Art. 231. Alimony should be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it.'
"The case of Harris v. Harris, La. App., 127 So.2d 747, contains the following qualification which is applicable to all cases in which the amount of child support due from the father is to be determined:
"And it is well to keep in mind that each case that deals with alimony must, of necessity, be determined on its own facts and circumstances, and the result of one case will not necessarily control that of another due to differing factual circumstances.'"
The child for whom support is sought here was born on August 8, 1969, and is now just three years of age. His requirements are normal for a child of that age. Appellee in listing her overall expenses included those of the child and made no effort to prorate what portion thereof was attributable to the child as distinguished from those necessary for herself. Appellee earns an annual gross salary of $9,550.00. Appellant's gross annual salary is $9,960.00. Thus, it can be seen that their respective earnings are approximately equal. In fixing the amount for appellant to contribute at $75.00 per month, we are in effect saying that with appellee's contribution in a like sum the child's needs are fixed at $150.00 per month.
Accordingly, for the above and foregoing reasons, the judgment appealed from is amended by reducing the same from $120.00 per month to $75.00 per month, payable in the sum of $37.50 on the first and fifteenth days of each month, the first payment being due and payable on the first day of March, 1972.
The appellee is to pay the cost of this appeal. The cost incurred in the trial court, because other matters were considered, is to be shared equally between the parties.
Amended and affirmed.

ON REHEARING
SARTAIN, Judge.
It was necessary that we grant a rehearing in this cause to correct an error we committed in a companion case, the same being No. 8885 272 So.2d 388 wherein we specified that the reduction in child support payments was to commence with the payment due and payable on March 1, 1972.
We reiterate here our original holding in Suit No. 8996 and reinstate the judgment therein rendered. The cost of this appeal is to be borne by plaintiff-appellee.
Original judgment reinstated.