350 So.2d 912 (1977)
Charlie SHAVERS and Darlene Shavers, Plaintiffs-Appellants,
v.
Succession of Thomas D. SHAVERS, Defendant-Appellee.
No. 6053.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1977.
Rehearing Denied August 1, 1977.
*913 George M. Strickler, New Orleans, and Kidd, Katz & Strickler by Paul Henry Kidd, Monroe, for plaintiffs-appellants.
Smith, Taliaferro, Siebert & Boothe by V. Russell Purvis, Jonesville, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and ROGERS, JJ.
GUIDRY, Judge.
Appellants have taken this appeal from an order of the trial court dated January 3, 1977 which denied their application for new trial from judgments of the trial court ordering a private sale of succession property and homologating the first and final tableau of distribution, which judgments are dated respectively, February 6, 1975 and February 27, 1975.
Thomas D. Shavers, a resident of Catahoula Parish, died intestate on May 16, 1973. On June 25, 1973, Alpha Washington Shavers, widow of the decedent, petitioned the court to open the succession and to be appointed administratrix. Alpha Shavers was duly appointed as administratrix by order dated August 13, 1973 and thereafter qualified as such upon furnishing bond and taking her oath. On May 30, 1974 the administratrix petitioned the court for a private sale of succession property in order to pay the debts and charges of the succession. An opposition to this application was filed by plaintiffs-appellants. On October 24, 1974 an evidentiary hearing was held in regard to this application at which hearing all parties were represented by counsel. The trial court took the matter under advisement and subsequently on February 6, 1975 rendered judgment dismissing the opposition and ordering a private sale as prayed for by the administratrix. Notice of this judgment was not served on appellants until November 6, 1975. Following rendition of the judgment of February 6, 1975, and on the same day, the administratrix petitioned the court for homologation of the first and final tableau of distribution. Thereafter, after due proceedings, the court entered a judgment homologating the tableau of distribution, this latter judgment being dated February 27, 1975. Notice of this judgment was not served on appellants until November 6, 1975.
Although service of the judgments above referred to was not made on appellants until some nine months following rendition, in the interim, specifically on June 12, 1975, appellants filed a motion for a new trial of the proceedings leading to the rendition of both judgments. Following service of notice of judgment appellants by motion filed December 1, 1975 reiterated their request for a new trial. Thereafter, under authority of Sonnier v. Liberty Mutual Insurance Company et al., 258 La. 813, 248 So.2d 299 (1971) the trial judge summarily denied appellants applications for new trial, the order of denial being dated January 3, 1977 and filed January 4, 1977. It is from this latter order that appellants have appealed.
We dismiss this appeal ex proprio motu under LSA-C.C.P. Article 2162 because of appellants' lack of right to take an appeal from the interlocutory judgment of February 3, 1977 which denies their application for a new trial.
In State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481, 482 (1945) our Supreme Court stated:
"A judgment, an order, or a ruling by a district judge refusing to grant a new trial or a rehearing does not fall in the category or legal classification of a final judgment from which a litigant has the right to appeal. While such action on the part of a trial judge is not strictly or *914 technically an interlocutory judgment, it is similar to one, because it cannot be considered a definitive judgment.
The judgment overruling the motion for a new trial and the application for a rehearing because they were not filed within the delay allowed by law is not a final judgment and in that respect is like an interlocutory one, and as it appears that irreparable injury will not result therefrom, the liquidator is without the right to appeal from it. His remedy was to appeal from the final judgment on the merits, signed on July 26, 1944. . ."
In General Motors Acceptance Corporation v. Deep South Pest Control Inc., 166 So.2d 46 (La.App. 4th Cir. 1964) plaintiff secured a money judgment against the defendant on March 19, 1963. Thereafter defendants filed a motion for new trial which motion was denied by order of the trial court dated December 10, 1963. Thereafter defendants filed a motion to appeal "from the final judgment rendered in the above cause on the 10th day of December, 1963". Plaintiff-appellee moved to dismiss the appeal on the ground that the judgment refusing the new trial was merely interlocutory, caused no irreparable injury and was not appealable. Our brethren of the 4th Circuit in sustaining the motion to dismiss the appeal stated as follows:
"Insofar as the record in this case is concerned, it does not appear that an appeal from the final judgment in favor of plaintiff and against the appellants on March 19, 1963, has been taken. If aggrieved by that judgment, appellants' remedy was to appeal therefrom and not from the judgment of December 10,1963, disposing of their motion for a new trial. If there is error concerning the judgment from which the appeal was intended to be taken, that is a matter we are unauthorized to rectify by sustaining the appeal.
The motion must prevail; the appeal cannot stand. LSA-C.C.P. art. 2083 states that an appeal may be taken from a final judgment rendered in causes in which appeals are given by law and from an interlocutory judgment which may cause irreparable injury. The judgment refusing the new trial is not a final judgment, but is merely interlocutory and could cause appellants no irreparable harm. A judgment overruling a motion for a new trial is not appealable. State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481; W. L. Pace Piano Co. v. Louisiana Seeburg Piano Co., 154 La. 749, 98 So. 174; Succession of Centanni, La.App., 151 So.2d 539."
The Supreme Court granted writs in the cited case (246 La. 870, 167 So.2d 678) and after a hearing affirmed the Court of Appeal. 247 La. 625, 173 So.2d 190 (La.1965). In affirming the dismissal of appeal in the GMAC case the Supreme Court made the following pertinent observation and ruling:
"It is well settled that a judgment refusing a new trial is not appealable. It is not a final judgment and can produce no irreparable injury. State ex rel. Land v. Martin, 207 La. 410, 21 So.2d 481.
Even if we were disposed to construe the appeal motion as taking an appeal from the appealable judgment on the merits rendered against the appellants on March 19, 1963, we are prevented from doing so by two barriers: Firstly, the motion for appeal by its terms limits its effect to the judgment of December 10,1963. Secondly, the appellants tacitly recognize that the appeal was from the judgment overruling the motion for a new trial by resting their case in this Court on the ground that such a judgment is appealable . . .
We conclude, as did the Court of Appeal, that a fundamental defect mars the appeal. No right of appeal existed as to the appealed judgment. The defect is fatal . . ."
. . ."
We recognize that appeals are favored and should be dismissed only for substantial causes. We recognize further that any doubt concerning validity of the appeal should be resolved in favor of the appellant to the end that an appeal be sustained. Fruehauf Trailer Company v. Baillio, 252 La. 181, 210 So.2d 312 (1968); Smith v. *915 Hartford Accident and Indemnity Company, 254 La. 341, 223 So.2d 826 (1969); Kirkeby-Natus Corporation v. Campbell, 250 La. 868,199 So.2d 904 (1967); and King v. King, 253 So.2d 660 (La.App. 1st Cir. 1971, writ refused).
In each of the cases last cited the petition for appeal referred to a judgment rendered on a certain date which in each instance was a judgment denying a motion for new trial. The appeals were nevertheless sustained upon a finding by the court that the record as a whole evidenced an intention on the part of the appellant to appeal the adverse judgment on the merits. In the instant case, unlike Fruehauf, Smith, Kirkeby-Natus, and King, the record clearly reflects that appellants sought to appeal from the judgment denying a new trial. The motion and order of appeal refers only to the judgment signed on January 3, 1977 which, as aforesaid, is the judgment denying the motion for new trial. The appeal bond furnished by appellants contains the following language which clearly evidences an intent to appeal the ruling and order of January 3, 1977:
"WHEREAS, an order has been rendered by the Seventh Judicial District Court, Parish of Catahoula, dismissing respondents' motion for new trial, and the said Darlene Shavers and Charlie Shavers have filed a motion to appeal, suspensively and devolutively, said ruling. . (Emphasis ours)
In addition we observe that the preparation of the transcript leaves no doubt but that appellant intended to appeal only from the order of the trial court dismissing their application for new trial and not from the judgments authorizing the private sale and homologating the administratrix's final account as the transcript of evidence taken in connection with these two hearings is not made a part of the record on appeal. Finally, and perhaps most convincing, is the fact that appellants' brief to this court indicates that the only issue on appeal is the correctness of the trial court's ruling denying a new trial. At page 6 of their brief appellants state as follows:
"ISSUE ON APPEAL
Whether, in light of the detailed allegations of fact and law contained in the motion for new trial, which were supported by the record of this case, the district court erred in dismissing the motion for new trial without a hearing."
In view of the above we conclude that the appellants seek to appeal from the judgment of January 3,1977 which denied them a new trial. Such judgment is interlocutory in nature and is not appealable under the provisions of LSA-C.C.P. Article 2083 and the jurisprudence interpreting the same. Accordingly, plaintiffs' appeal will be ordered dismissed at their costs.
APPEAL DISMISSED.