830 So.2d 570 (2002)
Greg GUIDRY
v.
Ramsey Perron GUIDRY.
No. 01-1615.
Court of Appeal of Louisiana, Third Circuit.
October 30, 2002.
Kristen B. Menard, W. Gerald Gaudet, Elizabeth L. Guglielmo, Voorhies & Labbe, Lafayette, LA, for Defendants/Appellants, Onebane, Bernard, Torian, Diaz, McNamara & Abell.
Phillip C. Kobetz, Attorney at Law, Lafayette, LA, for Plaintiff/Appellee, Greg Guidry.
Diane Sorola, Attorney at Law, Lafayette, LA, for Defendant/Appellant, Ramsey Perron Guidry.
Court composed of JOHN D. SAUNDERS, MICHAEL G. SULLIVAN and ELIZABETH A. PICKETT, Judges.
PICKETT, Judge.

FACTS
Greg Guidry is an employee shareholder in The Onebane Firm, a professional law corporation. Greg Guidry and his then wife, Ramsey Guidry, each signed a Shareholders Agreement on December 30, 1988, and a Subscription Agreement on January 14, 1994, with the Onebane Firm which *571 establish the agreed upon method of disposition and valuation of shareholder stock in the event of divorce, if community property interests are thereby implicated.
Ramsey and Greg were divorced on December 9, 1999. Ramsey filed a petition for partition of community property, and in connection therewith, propounded discovery requests to The Onebane Firm seeking production of substantially all of the firm's financial and employment records in an effort to obtain a valuation of Greg's interest in the firm, since that interest constitutes community property of the marriage. The Onebane Firm filed a Motion to Quash, or Alternatively, Motion for Protective Order. The trial court denied the motion and Onebane sought supervisory writs for review of this ruling. On February 27, 2002, in an unpublished writ disposition, this court granted the writ for full briefing, argument, and opinion.

ASSIGNMENTS OF ERROR
The relator, The Onebane Firm, assigns three errors:
1. The trial court erred in classifying the Shareholders Agreement and the Subscription Agreement as matrimonial agreements subject to the judicial findings requirement of La.Civ.Code art. 2329.
2. The trial court erred in finding that the spouses may not agree on the value of a community asset in a judicial partition of community property pursuant to La.R.S. 9:2801 without complying with the judicial findings requirement of La. Civ.Code art. 2329.
3. The trial court erred in not finding the agreement of Mrs. Guidry fixing the value of the stock upon termination of the community is binding upon her in the partition proceedings.

DISCUSSION
The exercise of supervisory jurisdiction by appellate courts is within their plenary power. La. Const. art. V, § 10. Appellate courts generally will not exercise such jurisdiction unless an error in the trial court's ruling will cause the petitioner irreparable injury or an ordinary appeal does not afford an adequate remedy. Stevens v. Patterson Menhaden Corp. 191 So.2d 692 (La.App. 1 Cir.1966), writ denied, 250 La. 5, 193 So.2d 524 (1967).
The Onebane Firm argues Ramsey Guidry is bound by the agreements which she signed as a party. The agreements predetermine the value of her community interest in the firm. Consequently, the relator contends the information sought through her discovery requests is irrelevant to her claims in the partition proceeding and the trial court erred by denying the relator's Motion To Quash or, alternatively, Motion for Protective Order. We agree.
The trial court specifically found the agreements constitute a matrimonial agreement between the spouses, and thus are null, void, and unenforceable as to Ramsey Guidry due to the failure of the parties to obtain court approval as required by La.Civ.Code art. 2329. The trial court erred in so finding.
Civil Code Article 2328 provides as follows:
A matrimonial agreement is a contract establishing a regime of separation of property or modifying or terminating the legal regime. Spouses are free to establish by matrimonial agreement a regime of separation of property or modify the legal regime as provided by law. The provisions of the legal regime that have not been excluded or modified by agreement retain their force and effect.
*572 Civil Code Article 2329 allows for modification of the matrimonial regime and provides:
Spouses may enter into a matrimonial agreement before or during marriage as to all matters that are not prohibited by public policy.
Spouses may enter into a matrimonial agreement that modifies or terminates a matrimonial regime during marriage only upon joint petition and a finding by the court that this serves their best interests and that they understand the governing principles and rules. They may, however, subject themselves to the legal regime by a matrimonial agreement at any time without court approval.
During the first year after moving into and acquiring a domicile in this state, spouses may enter into a matrimonial agreement without court approval.
A matrimonial agreement between spouses modifies or terminates the legal regime. The legal regime is the community of acquests and gains established in La.Civ.Code arts. 2334, et seq.
The agreements at issue before the court in the instant matter do not in any way alter the legal regime of Ramsey Guidry and Greg Guidry. Since Greg Guidry acquired shares in the Onebane Firm during the marriage, they are classified and regulated as community property. Ramsey Guidry's interest in the firm consists of her community interest in the shares acquired by Greg Guidry. The agreements, signed by both Greg Guidry and Ramsey Guidry, do not alter the classification of the shares of stock acquired by Greg Guidry as community property.
The agreements, signed by both spouses, set forth the procedure to be followed in the event of the divorce of a shareholder employee whose property is subject to a community property regime and establish a method of valuation of community-owned stock. We find these agreements to be valid interspousal contracts which are binding in that we further find no derogation of law or public policy. La.Civ.Code arts.1966 and 1968.
This court recently addressed this issue in Pelafigue v. Sudduth, 01-807 (La.App. 3 Cir. 5/15/02); 820 So.2d 583. In Pelafigue, the spouses entered into a contract to build a house and, in the agreement, set forth the valuation of the house should the community terminate. This court found that since the contract concerned only valuation and not classification of the asset, it was not a matrimonial agreement altering the legal regime that would require judicial approval.
Likewise, in the instant case, the agreements signed by Ramsey Guidry and Greg Guidry concern valuation only, not the classification of the property. The agreements do not constitute a matrimonial agreement which would require judicial approval. We find the trial court erred by denying the Motion to Quash filed by the Onebane Firm. The Motion to Quash is hereby granted.
WRIT GRANTED AND MADE PEREMPTORY.