STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CW 05-48

BORREL'S, INCORPORATED

VERSUS

CITY OF MARKSVILLE

\*\*\*\*\*\*\*\*\*\*

APPLICATION FOR SUPERVISORY WRIT TO THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2004-6604-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**WRIT DENIED.**

**P. J. Laborde, Jr.**
**David Charles Laborde**
**Jeanne Marie Laborde**
**The LaBorde Law Firm**
**P. O. Box 80098**
**Lafayette, LA 70598-0098**
**(337) 261-2617**
**Counsel for Defendant-Applicant:**
**City of Marksville**

**Malcolm Xerxes Larvadain**
**Attorney at Law**
**626 8th St.**
**Alexandria, LA 71301**
**(318) 445-3533**
**Counsel for Plaintiff-Respondent:**
**Borrel's, Inc.**

**PICKETT, Judge.**

The relator-defendant, the City of Marksville (hereinafter "the City"), seeks supervisory writs from a judgment which granted the plaintiff's Motion to Strike Jury Trial.

## FACTS

The plaintiff, Borrel's Incorporated, filed a Petition for Declaratory Judgment on September 8, 2004, seeking a review of the decision of the City Council for the City of Marksville. The city council had denied the plaintiff's application for a liquor license. The City answered the plaintiff's petition on September 21, 2004, and requested a jury trial. In response to the answer, the plaintiff filed a Motion and Order to Strike Jury Trial. Following a hearing on the motion, the trial court granted the plaintiff's motion, signing a written judgment on December 8, 2004. The City now seeks review of the trial court's ruling in this court in an application for supervisory writ.

## SUPERVISORY RELIEF

The exercise of supervisory jurisdiction by appellate courts is within their plenary power. La.Const. art. 5, § 10. Appellate courts generally will not exercise such jurisdiction unless an error in the trial court's ruling will cause the petitioner irreparable injury or an ordinary appeal does not afford an adequate remedy. *Stevens v. Patterson Menhaden Corp.*, 191 So.2d 692 (La.App. 1 Cir. 1966), *writ denied*, 250 La. 5, 193 So.2d 524 (1967).

## DISCUSSION

The City sets forth one assignment of error -- the trial court erred in granting the plaintiff's Motion to Strike Jury Trial. The City argues that La.R.S. 13:5105(D) specifically provides that a political subdivision such as the City of Marksville may

waive the general prohibition against jury trials in a suit against it. La.R.S. 13:5105 reads, in pertinent part:

> A. No suit against a political subdivision of the state shall be tried by jury. Except upon a demand for jury trial timely filed in accordance with law by the state or a state agency or the plaintiff in a lawsuit against the state or state agency, no suit against the state or a state agency shall be tried by jury.
>
> . . . .
>
> D. Notwithstanding the provisions of Subsection A, a political subdivision, by general ordinance or resolution, may waive the prohibition against a jury trial provided in Subsection A of this Section. Whenever the jury trial prohibition is waived by a political subdivision, and a jury trial is demanded by the political subdivision or the plaintiff in a suit against the political subdivision or against an officer or employee of the political subdivision, the demand for a jury trial shall be timely filed in accordance with law. The rights to and limitations upon a jury trial shall be as provided in Code of Civil Procedure Articles 1731 and 1732.

Louisiana Code of Civil Procedure Article 1732 states, in pertinent part:

> A trial by jury shall not be available in:
>
> . . . .
>
> (5) A proceeding to review an action by an administrative or municipal body.

The plaintiff's petition seeks only a reversal of the ruling by the City Council for the City of Marksville which denied a liquor license to the plaintiff. As the petition is clearly an attempt to have the trial court "review an action by [a] . . . . municipal body," a jury trial is not available. The trial court's judgment striking a trial by jury in this matter is correct. The writ is denied.

_____**WRIT DENIED**.

2