STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-348 combined with 11-392


OPELOUSAS TRUST AUTHORITY
D/B/A OPELOUSAS GENERAL
HEALTH SYSTEM, ET AL.

VERSUS

CLECO  CORPORATION AND
CLECO POWER, LLC

11-349 combined with 11-391

DEBORAH MAYO, ET AL.

VERSUS

CLECO CORPORATION AND
CLECO POWER, LLC


**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 10-C-1179, NO 10-C-2379
HONORABLE DONALD WAYNE HEBERT, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge,  Sylvia R. Cooks, and
John D. Saunders, Judges.

WRITS DENIED.

Richard Joseph Arsenault
Neblett, Beard & Arsenault
P. O. Box 1190
Alexandria, LA 71309
(318) 487-9874
COUNSEL FOR PLAINTIFFS/RESPONDENTS:
    Opelousas Trust Authority, et al.

Jeffrey Michael Bassett
Morrow & Morrow
P. O. Drawer 1787
Opelousas, LA 70507-0000
(337) 948-4483
COUNSEL FOR PLAINTIFFS/RESPONDENTS:
    Opelousas Trust Authority, et al.

Robert Lawrence Beck, Jr.
Attorney at Law
P. O. Drawer 12850
Alexandria, LA 71315-2850
(318) 445-6581
COUNSEL FOR PLAINTIFFS/RESPONDENTS:
    Opelousas Trust Authority, et al.

Richard Charles Stanley
Stanley, Flanagan & Reuter
909 Poydras, Ste 2500
New Orleans, LA 70112
(504) 523-1580
COUNSEL FOR DEFENDANTS/APPLICANTS:
    Cleco Power, LLC
    Cleco  Corporation

Patrick Craig Morrow, Sr.
Morrow, Morrow
P. O. Box 1787
Opelousas, LA 70570
(337) 948-4483
COUNSEL FOR PLAINTIFFS/RESPONDENTS:
    Opelousas Trust Authority, et al.

James P. Ryan
Morrow & Morrow
P. O. Drawer 1787
Opelousas, LA 70571-7090
(337) 948-4483
COUNSEL FOR PLAINTIFFS/RESPONDENTS:
    Opelousas Trust Authority, et al.

Dennis Coleman Weber
Attorney at Law
602 N. 5th Street, 12th Floor
Baton Rouge, LA 70802
(225) 342-1418
COUNSEL FOR INTERVENOR RESPONDENT:
    Louisiana Public Service Commission

**Mark Douglas Pearce**
**Attorney at Law**
**2030 Donahue Ferry Road**
**Pineville, LA 71361**
**(318) 308-4167**
**COUNSEL FOR DEFENDANTS/APPLICANTS:**
    **Cleco Power, LLC**
    **Cleco  Corporation**

**Julia Elizabeth Callis**
**Attorney at Law**
**2030 Donahue Ferry Road**
**Pineville, LA 71360**
**(318) 484-7744**
**COUNSEL FOR DEFENDANTS/APPLICANTS:**
    **Cleco  Corporation**
    **Cleco Power, LLC**

**Pride Justin Doran**
**Doran Law Firm**
**P. O. Box 2119**
**Opelousas,, LA 70571**
**(337) 948-8008**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
    **Opelousas Trust Authority, et al.**

**John Randall Whaley**
**Neblett, Beard & Arsenault**
**P. O. Box 1190**
**Alexandria, LA 71309-1190**
**(318) 487-9874**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
    **Opelousas Trust Authority, et al.**

**W. Raley Alford, III**
**Stanley, Flanagan & Reuter**
**909 Poydras, Ste 2500**
**New Orleans, LA 70112**
**(504) 523-1580**
**COUNSEL FOR DEFENDANTS/APPLICANTS:**
    **Cleco Power, LLC**
    **Cleco  Corporation**

**Quincy L. Cawthorne**
**Doran Law Firm**
**P. O. Box 2119**
**Opelousas, LA 70571**
**(337) 948-8008**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
    **Opelousas Trust Authority, et al.**

**Alison N. deClouet**
**Stanley, Reuter, Ross**
**909 Poydras Street, Suite 2500**
**New Orleans, LA 70112**
**(504) 523-1580**
**COUNSEL FOR DEFENDANTS/APPLICANTS:**
**Cleco Power, LLC**
**Cleco Corporation**

**Amanda H. Smith**
**La. Public Service Commission**
**602 N. 5th Street, 12th Floor**
**Baton Rouge, LA 70802**
**(225) 342-1418**
**COUNSEL FOR INTERVENOR/RESPONDENT:**
**Louisiana Public Service Commission**

**Kenneth Boagni**
**Attorney at Law**
**508 S. Court Street**
**Opelousas, LA 70570**
**(337) 942-4445**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
**Deborah Mayo, et al.**

**Dianne Marie Mayo**
**Attorney at Law**
**943 N. Court Street**
**Opelousas, LA 70570**
**(337) 942-3141**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
**Deborah Mayo, et al.**

**Anna Wise Cunningham Simmons**
**Attorney at Law**
**943 N. Court Street**
**Opelousas, LA 70570**
**(337) 942-3141**
**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
**Deborah Mayo, et al.**

**SAUNDERS, Judge.**

This case involves the consolidation of four writs into a single writ opinion. Two of the writs, numbers 11-348 and 11-349, were filed by Cleco Corporation and Cleco Power, LLC ("Cleco"). The other two writs, numbers 11-391 and 11-392, were filed by the Louisiana Public Service Commissioner ("the LPSC"), as intervenor in two separate class action suits which have been filed against Cleco by a putative class of utility ratepayers ("Ratepayers") in the City of Opelousas. Ratepayers seek reimbursement for alleged overcharges for electricity for a period of nearly twenty years.

In response to both lawsuits, Cleco filed exceptions of lack of subject matter jurisdiction, prematurity, and improper venue. Following a hearing, the trial court denied Cleco's exceptions. We find no error by the trial court and, thus, deny these writs.

**FACTS AND PROCEDURAL HISTORY:**

At this time, four separate writ applications have been filed whereby Cleco and the LPSC seek to have this court review the trial court's ruling that denied Cleco's exceptions of lack of subject matter jurisdiction, prematurity, and improper venue. In the lawsuit entitled "*Opelousas Trust Authority d/b/a General Health System, et al. v. Cleco Corporation and Cleco Power, L.L.C.*," Cleco's writ application challenging the trial court's ruling has been assigned to this court under docket number 11-348. One of the LPSC's writ applications has been assigned to this court under docket number 11-392. In the lawsuit entitled "*Deborah Mayo, et al. v. Cleco Corporation and Cleco Power, L.L.C.*," Cleco's writ application challenging the trial court's ruling has been assigned to this court under docket number 11-349, and, finally, the LPSC's other writ application has been assigned to this court under docket number 11-391. Since the issues raised in these writ

applications are nearly identical, we consolidate the four writs and address them in a single writ opinion.

**DISCUSSION OF THE MERITS:**

This court has stated, "[t]he exercise of supervisory jurisdiction by appellate courts is within their plenary power. La. Const. art. 5, § 10. Appellate courts generally will not exercise such jurisdiction unless an error in the trial court's ruling will cause the petitioner irreparable injury or an ordinary appeal does not afford an adequate remedy. *Stevens v. Patterson Menhaden Corp.*, 191 So.2d 692 (La.App. 1 Cir.1966), *writ denied*, 250 La. 5, 193 So.2d 524 (1967)." *Borrel's, Inc. v. City of Marksville*, 05-48, p. 1 (La.App. 3 Cir. 6/1/05), 904 So.2d 938, 939.

*EXCEPTION OF LACK OF SUBJECT MATTER JURISDICTION:*

In its opposition to the writ applications, Ratepayers assert that the trial court properly concluded that it has subject matter jurisdiction over their claims against Cleco. Ratepayers contend that although Cleco provided electrical services to them and they seek to recover as a result of being overcharged, these are not rate-making cases. As such, Ratepayers argue that a district court, and not the LPSC, has the constitutional and statutory authority to determine the merits of their claims. They maintain that their situation is unique because the City of Opelousas owns its own distribution system. Ratepayers note that, in 1991, the city entered into a Franchise Agreement whereby Cleco was allowed to use the city's distribution system to provide electrical service to the City of Opelousas' residents. Ratepayers point out that, pursuant to that contract, Cleco agreed to charge the City of Opelousas' residents the present or modified rates as approved by the LPSC. Ratepayers also point out that, pursuant to the Franchise Agreement, the city is obligated to compensate Cleco for their distribution expenses at the conclusion of the terms of the agreement, and Cleco is obligated to maintain liability insurance

2

for the city's distribution system. Ratepayers maintain that, rather than simply being bystanders to the agreement, residents of the city of Opelousas voted to approve the terms of the Franchise Agreement and were clearly intended to be beneficiaries of the agreement.

Ratepayers contend that, despite the provisions set forth in the Franchise Agreement, Cleco did not give any special consideration to City of Opelousas' residents. In fact, Ratepayers accuse Cleco of simply charging residents of Opelousas expenses and storm restoration adjustment costs (as compensation for damage to the distribution system which was caused by Hurricanes Katrina and Rita) as though no franchise agreement existed. Noting that the electricity charges at issue include embedded distribution costs, Ratepayers claim that they should not be charged for such costs because the City of Opelousas owns the distribution system used for providing its residents' electricity services. Also, Ratepayers contend that such charges are inappropriate for them because the Franchise Agreement provides that, at the conclusion of the agreement, the City of Opelousas will be required to pay Cleco for any distribution costs which it incurs during the term of the agreement. Additionally, Ratepayers allege that it is inappropriate for Cleco to charge City of Opelousas residents for storm restoration damages since Cleco is contractually obligated (under the Franchise Agreement) to insure the city's distribution system against the very losses for which Cleco seeks to have reimbursed.

Despite these factors, Ratepayers assert that Cleco never asked the LPSC to review the Franchise Agreement and consider or approve a special rate for Opelousas residents. Rather, Ratepayers contend that Cleco simply obtained the LPSC's approval for general rates and for storm restoration costs. Ratepayers maintain that the fact that the LPSC approved the general rates, without knowledge

3

of the specific facts and contractual terms involving the City of Opelousas, does not serve to shield Cleco from having to answer for their alleged contractual breaches and tortious actions. According to Ratepayers, since Cleco's rights and obligations flow directly from the Franchise Agreement, resolution of Ratepayers' claims will necessarily require judicial interpretation of the contract and consideration of the pertinent facts. In that regard, Ratepayers contend that the determination of responsibilities and obligations that flow from contractual provisions is a function which district courts perform every day in accordance with the original jurisdiction vested in district courts by La.Const. art. 5, § 16.

Ratepayers note that La.Const. art. 4, § 21(B) grants the LPSC the power to regulate public utilities. However, Ratepayers assert that the LPSC's power is limited by La.Const. art. 4, § 21(C) which provides that the LPSC's regulation power does not extend to any public utility owned, operated, or regulated by a municipality. Ratepayers contend that La.R.S. 45:1164(B) also provides that the LPSC's powers do not apply when a public utility is owned or operated by a municipality. Ratepayers argue that, in order for the LPSC's jurisdiction to be defeated under La.Const. art. 4, § 21(C), the only thing that needs to be proven is that the City of Opelousas owns, operates, or regulates its utility system. Ratepayers assert that the city does all three of those things. In that regard, Ratepayers maintain that the City of Opelousas still owns its distribution system and that the distribution system is regulated and operated through the terms of the Franchise Agreement. It is Ratepayers' position that the city's ownership, regulation, and operation of its utility system through the Franchise Agreement takes Ratepayers' cases outside the exclusive jurisdiction of the LPSC.

In support of their position that the trial court, and not the LPSC, has subject matter jurisdiction, Ratepayers cites *Central Louisiana Elec. Co., Inc. v. Louisiana*

4

*Public Service Com'n*, 601 So.2d 1383 (La.1992). In that case, the utility company entered into a contractual agreement with the City of Franklin for operating that city's electric distribution system and furnishing electrical services to the citizens of Franklin. The utility company filed suit, alleging that the City of Franklin had violated an exclusivity provision in its franchise agreement with it when the city permitted another electric company to supply electric power to a newly annexed area of the city. In concluding that the district court, and not the LPSC, had subject matter jurisdiction over that case, the Louisiana Supreme Court found that, although La.Const. art. 4, § 21(B) grants the LPSC the power to "regulate all. . . public utilities" and "such other regulating authority as provided by law," the Legislature has not passed any law authorizing the LPSC to exercise jurisdiction over any tort actions and contract disputes in which the LPSC may be involved.

Ratepayers in the instant cases assert that their cases are similar to the *Central* case because they involve a matter of contract interpretation which is not within the jurisdiction of the LPSC. While Ratepayers acknowledge that the City of Opelousas, which entered into the Franchise Agreement with Cleco, is not a party in the instant cases, Ratepayers maintain that Cleco breached contractual obligations owed to them. In that regard, Ratepayers specifically allege in their petitions that the Franchise Agreement contains *stipulations pour autrui* in favor of them.

Ratepayers contend that while the LPSC has jurisdiction over the matters involving utility rate calculations, their cases involve an issue of rate component applicability, not rate component calculation. Ratepayers maintain that, under the provisions of the Franchise Agreement, the distribution component and the storm recovery surcharges should not have been charged to them at all. In that regard, Ratepayers argue that, since the Franchise Agreement provides that Cleco can

5

collect distribution costs from the City of Opelousas at the end of the term of the contract, Cleco should not be allowed to collect the distribution costs from them as well. Also, Ratepayers contend that it is improper for Cleco to collect storm recovery fees from them since the Franchise Agreement not only allows Cleco to get reimbursement for storm damage from the city at the termination of the contract, but it also requires Cleco to purchase insurance to cover such storm-related damages to the City of Opelousas' distribution system. According to Ratepayers, a determination of whether they had charges for distribution applied to them can only be resolved by the taking of evidence and the interpretation of the Franchise Agreement, both of which are judicial functions.

In support of their writ applications, Cleco and the LPSC argue that the trial court erred when it denied Cleco's exception of lack of subject matter jurisdiction. Cleco contends that, under La.Const. art. 4, § 21(B), the LPSC has exclusive jurisdiction over rates charged by a public utility company. In that regard, Cleco points out that Section 21(B) provides as follows:

> (B) Powers and Duties. The commission shall regulate all common carriers and public utilities and have such other regulatory authority as provided by law. It shall adopt and enforce reasonable rules, regulations, and procedures necessary for the discharge of its duties, and shall have other powers and perform other duties as provided by law.

In the instant cases, Cleco argues that since Ratepayers' petitions characterize its suits as arising from Cleco's having allegedly overcharged the City of Opelousas' residents for electricity and since Ratepayers seek reparation for overcharges, Ratepayers' cases are rate cases that are subject to the exclusive jurisdiction of the LPSC. Cleco acknowledges that La.Const. art. 4, § 21(C) provides as follows:

6

(C) Limitation. The commission shall have no power to regulate any common carrier or public utility owned, operated, or regulated on the effective date of this constitution by the governing authority of one or more political subdivisions, except by the approval of a majority of the electors voting in an election held for that purpose; however, a political subdivision may reinvest itself with such regulatory power in the manner in which it was surrendered. This Paragraph shall not apply to safety regulations pertaining to the operation of such utilities.

However, Cleco argues that, although Section 21(C) provides that the LPSC does not have authority to regulate a "public utility" owned, operated, or regulated by a political subdivision, this statute is not called into play simply because the City of Opelousas owns the distribution system. In that regard, Cleco asserts that the trial court erroneously concluded that a distribution system is the same thing as a public utility. According to Cleco, owning wires, poles, or other pieces of a distribution system does not amount to owning or operating a "public utility." Rather, Cleco contends that, pursuant to various statutes, including La.R.S. 45:121, an electric public utility is a person or entity that furnishes electricity to customers. Cleco maintains that it is Cleco, and not the City of Opelousas, that provides electricity to customers. As such, Cleco asserts that the only electric public utility in Opelousas is Cleco, which is not owned, operated, or regulated by the City of Opelousas. Thus, Cleco argues that because there is no public utility owned, operated, or regulated by the City of Opelousas, the provision in La.Const. art. 4, § 21(C), which limits the jurisdiction of the LPSC, does not apply to this case.

In support of its position that this case is a rate case that is subject to the exclusive jurisdiction of the LPSC, Cleco relies on the Louisiana Supreme Court's ruling in *Daily Advertiser v. Trans-La*, 612 So.2d 7 (La.1993). In that case, the plaintiffs, who were residential and commercial customers of a LPSC-regulated gas utility, filed a class action suit alleging several state law causes of action in connection with alleged overcharges by the utility company. The court concluded

7

that the plaintiffs' rate computation claims seeking reparation of overcharges were within the LPSC's exclusive jurisdiction and should be dismissed on an exception of lack of subject matter jurisdiction. However, the Court concluded that the remainder of the plaintiffs' claims seeking damages other than overcharges did not need to be dismissed. Instead, the supreme court concluded that, based on the doctrine of primary jurisdiction, the district court's adjudication of the plaintiffs' remaining claims should be deferred until after the LPSC had completed its proceedings regarding the claims for overcharges.

In the instant cases, Cleco asserts that, because *Daily Advertiser*, 612 So.2d 7, requires the courts to apply a substance-over-form analysis to determine whether a case is a rate case, Ratepayers cannot be allowed to avoid the LPSC's exclusive jurisdiction by claiming that their complaints are standard contract or tort claims. Cleco argues that since Ratepayers only seeks damages for overcharges, whether based on rate components or otherwise, all of Ratepayers' claims fall within the exclusive jurisdiction of the LPSC. According to Cleco, the trial court cannot review components of an LPSC-approved rate, such as the distribution costs, without encroaching on the LPSC's exclusive jurisdiction.

Furthermore, Cleco maintains that there is no authority which prevents the LPSC from considering the Franchise Agreement in making a determination whether the rates charged to Ratepayers were proper. Citing *Conoco, Inc. v. Louisiana Public Service Com'n*, 520 So.2d 404 (La.1988), Cleco asserts that contracts regarding the fees and rates which public utilities will charge are subject to supervision and adjustment by the LPSC.

We find that the claims raised by Ratepayers in the instant cases are different from the standard rate cases wherein consumers are simply arguing that the LPSC has set the wrong electricity rates. Ratepayers' claims arise out of the fact that

8

Cleco went to the LPSC and requested that distribution rates and hurricane recovery costs be set for all consumers, including those residents of the City of Opelousas, without giving any consideration for the fact that the Franchise Agreement requires Cleco to maintain insurance to cover hurricane costs incurred in Opelousas and that the Franchise Agreement provides that the City of Opelousas will reimburse Cleco for distribution costs at the termination of the contract.

While Cleco points out that Ratepayers were not a party to the Franchise Agreement, Ratepayers have identified various factors, including the election wherein the residents of the City of Opelousas approved the Franchise Agreement. This indicates that Ratepayers were intended to be third-party beneficiaries of the Franchise Agreement.

Moreover, Ratepayers alleged that Cleco engaged in tortious conduct when it required them to pay for distribution costs for which the city had obligated itself to pay and for hurricane losses for which Cleco has obligated itself to provide insurance coverage. Thus, Ratepayers, at minimum, have alleged a valid claim for unjust enrichment by Cleco. As such, these are not purely rate cases subject to the exclusive jurisdiction of the LPSC.

Accordingly, while the LPSC has exclusive subject matter jurisdiction over matters that involve the right to fix and regulate the rates which public utilities charge their customers, such exclusive jurisdiction does not extend to tort and contract actions in which public utility companies may be involved. *See Central,* 601 So.2d 1383 (La.1992). Since Ratepayers raised tort and/or contract claims against Cleco, the exclusive jurisdiction of the LPSC is not invoked. Contract interpretation and the assessment of Cleco's conduct are judicial functions. As such, the trial court properly found that it had subject matter jurisdiction over these cases.

*EXCEPTION OF PREMATURITY:*

Cleco's sole argument on this exception is that Ratepayers' suits in the district court are premature because Ratepayers did not exhaust its administrative remedies by first filing its suits with the LPSC. Since we concluded that the trial court has subject matter jurisdiction over these cases, there is necessarily no error in the trial court's ruling which denied Cleco's exception of prematurity.

*EXCEPTION OF IMPROPER VENUE:*

In opposition to the instant writ applications, Ratepayers take the position that the trial court properly denied Cleco's exception of improper venue. Ratepayers contend that since they are raising tort and contract claims, venue is proper in St. Landry Parish. In support of this contention, Ratepayers cite La.Code Civ.P. art. 74, which provides that tort actions may be brought in the parish where the wrongful conduct occurred or where the damages were sustained, and La.Code Civ.P. art. 76.1, which provides that a contract action may be brought in the parish where the contract was executed or where work or service was to be performed under the contract.

Ratepayers acknowledge that contracts with municipal corporations are generally for the public benefit and do not necessarily include stipulations *pour autrui* in favor of the individual inhabitants of the municipality. However, Ratepayers argue that, under the facts of the instant cases, the contractual provisions of the Franchise Agreement are specifically intended for the benefit of the individual residents who receive individual bills from Cleco and who individually have the right to require specific performance by Cleco. Further, Ratepayers point out that the individual residents voted for the Franchise Agreement.

In their writ applications, Cleco and the LPSC argue that venue is not proper in St. Landry Parish because the venue provisions on which Ratepayers rely do not apply to the instant cases. First, Cleco contends that the tort venue provision in La.Code Civ.P. art. 74 does not apply because Ratepayers' claims concerning alleged overcharges for electricity do not involve "an offense or quasi offense" against them. In that regard, Cleco argues that Ratepayers cannot turn alleged wrongs committed against the City of Opelousas into Ratepayers' own tort claims. Second, Cleco contends that the venue provision found in La.Code Civ.P. art. 76.1 does not apply to the instant cases because the Franchise Agreement is between the City of Opelousas and Cleco, not Ratepayers and Cleco. According to Cleco, Ratepayers have no right to pursue a breach of contract action against Cleco because a franchise agreement between a service provider and a city does not give rise to a third-party beneficiary status in favor of that city's residents.

Cleco notes that the Louisiana Supreme Court has held that "[t]he only jurisdiction courts have over the fixing of utility rates is to review the LPSC's orders on appeal." *Daily Advertiser*, 612 So.2d at 17 (citation omitted). Citing La.Const. art. 4, § 21 and La.R.S. 45:1192, Cleco contends that venue for a challenge to orders by the LPSC is proper only in East Baton Rouge Parish, which is the domicile of the LPSC. In the instant cases, Cleco argues that since Ratepayers are challenging LPSC-approved rates, venue is proper in East Baton Rouge Parish. Alternatively, Cleco asserts that, pursuant to La.Code Civ.P. art. 42(2), venue would be proper in Rapides Parish because Cleco has their registered offices there.

While Cleco is correct in their assertion that, pursuant to La.R.S. 45:1192, venue is proper in East Baton Rouge Parish for suits challenging decisions made by the LPSC, the LPSC has not made a decision with regard to the issue of Cleco's

alleged tortious attempt to have Ratepayers assessed with distribution and hurricane recovery costs in spite of the provisions found in the Franchise Agreement. Since the instant cases do not involve a direct appeal from any decision that the LPSC has made with regard to Ratepayers' claims, the venue provision found in La.R.S. 45:1192 does not apply. Rather, pursuant to La.Code Civ.P. art. 74, venue would be proper in St. Landry Parish because Ratepayers sustained damages there.

Further, given that Ratepayers have alleged breach of contract claims, venue would be proper in St. Landry Parish pursuant to La.Code Civ.P. art. 76.1, because at least part of the contract was to be performed there. Accordingly, we find that the trial court did not err when it denied Cleco's exception of improper venue.

## DISPOSITION:

For the foregoing reasons, we find no error in the trial court's rulings. As such, we deny these writ applications. All costs of these proceedings are assessed to Cleco Corporation and Cleco Power, LLC.

**WRITS DENIED.**