# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCW 11-1493

**CHRISTUS HEALTH CENTRAL LOUISIANA D/B/A
CHRISTUS ST. FRANCES CABRINI HOSPITAL  (ERIC J. MANUEL)**

**VERSUS**

**WESTAFF (USA), INC., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 11-01771
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**WRIT GRANTED AND MADE PEREMPTORY.**

**Joseph Payne Williams
Richard Bray Williams
Williams Family Law Firm, LLC
Post Office Box 15
Natchitoches, LA 71458-0015
(318) 352-6695
COUNSEL FOR APPLICANT:**
        Christus Health Central Louisiana

**Thomas Allen Filo**
**Cox, Cox, Filo, Camel & Wilson**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR APPLICANT:**
    **Christus Health Central Louisiana**

**Jeffrey John Warrens**
**Johnson, Stiltner & Rahman**
**P. O. Box 98001**
**Baton Rouge, LA 70898-8001**
**(225) 231-0652**
**COUNSEL FOR RESPONDENT:**
    **LWCC**
    **Westaff, Inc.**

**Dennis Paul Juge**
**Juge, Napolitano, Guilbeau, Ruli, Frieman & Whiteley**
**3320 W. Esplanade Ave. N.**
**Metairie, LA   70002**
**(504) 831-7270**
**COUNSEL FOR RESPONDENT:**
    **LWCC**
    **Westaff, Inc.**

**PICKETT, Judge.**

In these three consolidated writ applications, the relator, Christus Health Central Louisiana d/b/a Christus St. Frances Cabrini Hospital (Christus Health) seeks supervisory writs from the judgment of the Office of Workers' Compensation (OWC) granting a motion to compel discovery.

## STATEMENT OF THE CASE

All three cases are attempts by Christus Health to increase the amount of payments for medical services and treatments rendered to injured workers as outpatients. Christus Health has sought recovery from the employers, Westaff (USA), Inc., Crossroads, Inc., and Bamburg Steel Buildings, Inc., and their insurer, the Louisiana Workers' Compensation Corporation (collectively, LWCC). Christus Health claims that LWCC failed to pay the correct amount in medical benefits for the injured workers, pursuant to the pertinent provisions of the Louisiana Workers' Compensation Act (LWCA) and the Louisiana Workers' Compensation Fee Reimbursement Schedule (Reimbursement Schedule).

In the course of conducting discovery, LWCC submitted interrogatories and requests for production of documents aimed at collecting information regarding Christus Health's actual costs for the medical services rendered and the contractual amounts that Christus Health has agreed to accept as payment for these services and treatments from other insurance companies or other payors.[1] Christus Health objected

---

[1] For instance, Interrogatory number 7 reads, "Please set forth your true out-of-pocket costs for providing the services and items associated with the medical charges at issue in the present proceeding." Interrogatory number 8 reads, "Please specify any and all data and methodologies utilized in arriving at the calculation of your true out-of-pocket costs as set forth within your response to the previous interrogatory." Interrogatory number 10 reads, "Please state whether you have at anytime entered into a contractual fee arrangement with any entity in relation to the payment amount/recoverable charges associated with the services sued upon herein. If your response is in the affirmative, please state the effective dates of any such contractual fee arrangement, the parties to the contractual fee arrangement and the specific dollar amounts agreed upon within the contractual fee arrangement in relation to the medical services sued upon herein." And, Interrogatory number 11 reads, "Please state

to this discovery, claiming that the information sought was irrelevant and could not lead to the discovery of any relevant evidence. Moreover, Christus Health asserted that the discovery was overly burdensome and was meant to be oppressively costly and time consuming on the part of the relator. Furthermore, Christus Health claimed that much of the information sought was proprietary or otherwise confidential or privileged information. LWCC filed motions to compel the discovery, and the OWC judge conducted one hearing as to all three cases, with the consent of all parties, since the issues were identical in all three cases. The trial court granted the motions to compel. Christus Health seeks reversal of these rulings.

## SUPERVISORY RELIEF

This court has stated, "The exercise of supervisory jurisdiction by appellate courts is within their plenary power. La. Const. art. 5, § 10. Appellate courts generally will not exercise such jurisdiction unless an error in the trial court's ruling will cause the petitioner irreparable injury or an ordinary appeal does not afford an adequate remedy. *Stevens v. Patterson Menhaden Corp.*, 191 So.2d 692 (La.App. 1 Cir.1966), *writ denied*, 250 La. 5, 193 So.2d 524 (1967)." *Borrel's, Inc. v. City of Marksville*, 05-48, p. 1 (La.App. 3 Cir. 6/1/05), 904 So.2d 938, 939.

## DISCUSSION

Trial courts in Louisiana are vested with broad discretion in regulating pretrial discovery, and an appellate court will not disturb a trial court's rulings on discovery issues absent a clear showing of abuse. *Moak v. Ill. Cent. RR. Co.,* 93-0783 (La. 1/14/94), 631 So.2d 401.

---

whether you have ever accepted Medicare payment for the services sued upon herein. If your response is in the affirmative, please state the amount of said payment." Amended interrogatories seeking more in-depth information regarding the amount of payments accepted for the services at issue from other payors, including Medicaid, were also submitted. Additionally, the respondents sought documents verifying the foregoing information in requests for production.

2

As discussed above, Christus Health claims that LWCC underpaid for medical benefits associated with injured workers. In each of the cases before us, LWCC contracted with a third party to review the bills presented to LWCC for payment from health care providers who did not have a contractual arrangement with LWCC for the payment of services, including Christus Health. LWCC then paid for the outpatient services rendered at a lower rate than the Reimbursement Schedule.

The LWCA provides in La.R.S. 23:1203(B):

> The obligation of the employer to furnish such care, services, treatment, drugs, and supplies, whether in state or out of state, is limited to the reimbursement determined to be the mean of the usual and customary charges for such care, services, treatment, drugs, and supplies, as determined under the reimbursement schedule annually published pursuant to R.S. 23:1034.2 or the actual charge made for the service, whichever is less. Any out-of-state provider is also to be subject to the procedures established under the office of workers' compensation administration utilization review rules.

Pursuant to the above mandate by the legislature, La. Admin. Code tit. 40, § 2507, entitled "Outpatient Reimbursement", provides:

> Outpatient hospital and ambulatory surgery services will be reimbursed at covered charges less a ten percent (10%) discount. The formula for calculating payment amount is:
>
> (BILLED CHARGES) - (NONCOVERED CHARGES) =
> COVERED CHARGES x .90 = PAYMENT AMOUNT
>
> If a patient is admitted as an outpatient, however; is in the hospital overnight, this will be considered outpatient services. When patient is in hospital by midnight census of day two, this becomes an inpatient admission, thus services are paid at per diem rate.
>
> In addition, all procedures which can safely be performed as outpatient procedures shall be reimbursed as such. (Reference the utilization Review Rules, Chapter 27).
>
> For a hospital admission to be subject to inpatient reimbursement, it must be medically necessary and not solely for the convenience of the payor.

LWCC argues that it may present evidence to evaluate the reasonableness of the charges billed by Christus Health. The materials sought in the motion to compel discovery would allow the WCJ to compare the amount of reimbursement that the

medical provider has been willing to accept in full payment for the same or similar services from other payors. Christus Health contends that the materials are irrelevant, whereas LWCC contends that the jurisprudence demands that the WCJ conduct such an analysis.

LWCC relies heavily on the first circuit's opinion in *Johnson Bros. Corporation v. Thibodaux Regional Medical Center*, 00-1673 (La.App. 1 Cir. 9/28/01), 809 So.2d 430. After the insurer paid an additional amount that had been demanded by the medical provider, the insured/employer filed a claim against the medical provider seeking to recoup the additional money. The medical provider had computed its charges based strictly on its charges that it deemed appropriate. However, the employer argued that those charges were improperly inflated.

In *Johnson Bros.*, the medical benefits at issue included medical "hardware" that had been used to repair the employee's fractured legs. Moreover, because of the extensive injuries to the employee, the WCJ found, and the appellate court agreed, that the medical provider's charges in that instance fell under the "outliers" provisions of the reimbursement schedule, La. Admin. Code tit. 40, § 2519. Thus, due to the extensive nature of the injuries involved, these charges were permitted to exceed the usual and customary charges that would apply in an ordinary hospitalization. The first circuit went on to find that the WCJ erred by not determining whether the "outlier" charges were reasonable, pursuant to La.R.S. 23:1291.

In this case, LWCC seeks to obtain through discovery the actual costs of services and the amount Christus Health is willing to accept as full payment from other insurers in order to determine if the Reimbursement Schedule rates are reasonable. The legislature empowered the OWC to come up with a fee schedule, which is based on "the mean of the usual and customary charges." La.R.S. 23:1203(B). We find that the Reimbursement Schedule, for the purposes of the OWC, sets forth reasonable rates for services. Thus, the materials sought in discovery are

4

irrelevant. We also find that disclosure of contractually negotiated rates is unduly burdensome. Exercising our supervisory authority, we reverse the WCJ and deny the motion to compel discovery.

LWCC argues that the amount of reimbursement that the relator is willing to accept from other payors is relevant to these cases, citing *Agilus Health v. Accor Lodging North America*, 10-800 (La. 11/30/10), 52 So.3d 68. The court in *Agilus* was facing a case where the health care provider had entered into a contract **with the insurer involved in that case** wherein the provider had contractually agreed to accept a lower payment than that which would have been recoverable under the Reimbursement Schedule. The supreme court concluded that a provider is free to contract for a lower fee than would otherwise be recoverable under the fee schedule, and that if the provider does so contract, the provider is bound to accept the lower of the two possible charges. In this case, Christus Health was not contracted with LWCC to provide services at a lower rate than the rates in the Reimbursement Schedule. Therefore, *Agilus Health* is distinguishable.

## DISPOSITION

The application for supervisory writs filed by Christus Health is granted. The motion to compel discovery is denied.

**WRIT GRANTED AND MADE PEREMPTORY.**