# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CW 11-1151


**MARY YVETTE LEJEUNE**

**VERSUS**

**PARAMOUNT NISSAN, LLC,
ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2011-707
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M.
Keaty, Judges.


**WRIT DENIED.**

**Timothy S. Madden**
**Monica J. Manzella**
**King, Krebs & Jurgens, P.L.L.C.**
**201 Saint Charles Avenue, 45th Floor**
**New Orleans, Louisiana  70170**
**(504) 582-3800**
**Counsel for Defendants/Applicants:**
     **Paramount Nissan, LLC**
     **Paramount Automotive, LLC**
     **John F. Stelly**
     **Dean Bernal**

**Christopher K. Jones**
**Virginia J. McLin**
**Keogh, Cox & Wilson, Ltd.**
**Post Office Box 1151**
**Baton Rouge, Louisiana  70821**
**(228) 383-3796**
**Counsel for Plaintiff/Respondent:**
      **Mary Yvette LeJeune**

**P. Jody Lavergne**
**Stutes & Lavergne**
**Post Office Box 1644**
**Lake Charles, Louisiana  70602**
**(337) 433-0022**
**Counsel for Plaintiff/Respondent:**
      **Mary Yvette LeJeune**

**KEATY, Judge.**

Relators, Paramount Nissan, LLC d/b/a Nissan of Lake Charles; Paramount Automotive, LLC; John F. Stelly; and Dean Bernal, seek supervisory writs from a judgment which denied Relators' declinatory exception of lack of subject matter jurisdiction, dilatory exception of prematurity, or, alternatively, motion to stay proceedings and peremptory exception of no cause of action.

## STATEMENT OF THE CASE

The following facts were gleaned from the record. On June 17, 2010, Respondent, Mary Yvette Lejeune, entered Paramount Nissan and/or Paramount Automotive with the intention of purchasing a vehicle. She was shown a 2008 Nissan Infiniti M45-V8. Upon learning that the total sales price for the vehicle, including finance charges, would be $56,452.01, Respondent allegedly expressed to the salesperson that she did not believe she could afford the vehicle. Despite Respondent's suggestions, Relators encouraged her to complete a credit application. Relators then used this application to run a credit check to determine if Respondent would qualify for a loan. However, it is alleged that Relators fraudulently misrepresented elements of Respondent's application without either Respondent's consent or her knowledge. When Respondent completed the application, she listed her job title as "CEO Operations" and her annual salary as $47,000.00. Before the application was submitted to the financing company, the Relators allegedly changed the application to state that Respondent's job title was "CEO" and her annual salary was $120,000.00. Based upon the alleged fraudulent information in the application, Respondent was approved for an automobile loan from Capital One Auto Finance. When Relators notified Respondent of her approval, she again expressed her concern regarding her ability to make her monthly payments. Relators reassured Respondent that she would not have been

approved for the loan if she could not afford the payments. However, Relators failed to notify Respondent that they had changed vital information on her credit application.

Respondent and Paramount Nissan entered into a sales contract whereby Respondent agreed to purchase the vehicle, agreed to pay the total amount financed for the vehicle in accordance with the financing terms set forth in the contract, and further agreed to submit "[a]ll disputes, claims, or controversies arising from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract" to binding arbitration.

On February 15, 2011, Respondent filed suit against Relators alleging fraud, general negligence, detrimental reliance, and Louisiana Unfair Trade Practice Act (LUTPA) [1] violations. She currently faces monthly automobile payments of $721.53 which her actual salary, as she originally listed on her credit application, is unable to support. As a result, she claims to have fallen behind on this and other debts, to have suffered damage to her credit history, and to have suffered stress and anxiety.

In response, Relators filed a declinatory exception of lack of subject matter jurisdiction and a dilatory exception or prematurity, or, in the alternative, a motion to stay proceedings and peremptory exception of no cause of action. Specifically, Relators asserted that based on the wording of the arbitration provision, Respondent's claims were improperly and prematurely submitted to the trial court for consideration. For the same reason, Relators further argued that the trial court lacked subject matter jurisdiction over Respondent's claims. Alternatively, Relators requested that the trial court stay the litigation pending Respondent's exhaustion of the arbitration procedure set forth in the contract. With regard to the

---

[1] See La.R.S. 51:1401-1430.

2

exception of no cause of action, Relators asserted that the contract was indisputably by and between Respondent and Paramount Nissan, not Paramount Automotive. As such, Relators argued that Respondent cannot state a viable cause of action against Paramount Automotive upon which relief may be granted.

Respondent opposed Relators' exceptions insisting that her claims pertain to the alleged fraudulent misrepresentation on her credit application and, therefore, do not "arise out of" or "relate to" the contract or the relationships formed by the contract and are not subject to arbitration. Respondent further claimed that Paramount Automotive was a proper defendant because she was provided with paperwork that listed both Paramount Nissan and Paramount Automotive as parties to the pending sale.

On July 26, 2011, following a contradictory hearing, the trial court denied Relators' exceptions and motion to stay in open court. The trial court signed a written order to that effect on August 19, 2011, and Relators timely filed a notice of intention to apply for supervisory writs with this court. Thereafter, we received Relators' application for supervisory writs and Respondent's opposition thereto.

By order dated February 17, 2012, this court stayed the trial court proceedings pending further action. The clerk of the Fourteenth Judicial District Court was ordered to forward the complete record of these proceedings to this court by April 2, 2012. In addition, the parties were notified that the matter was going to be set for oral argument, and they were given additional deadlines within which to file any additional briefs for this court's consideration. After receiving the trial court record, this court set this matter for oral argument on May 30, 2012. No additional briefs were filed.

# SUPERVISORY RELIEF

This court has stated,

> The exercise of supervisory jurisdiction by appellate courts is within their plenary power. La. Const. art. 5, § 10. Appellate courts generally will not exercise such jurisdiction unless an error in the trial court's ruling will cause the petitioner irreparable injury or an ordinary appeal does not afford an adequate remedy.

*Borrel's, Inc. v. City of Marksville,* 05-48, p. 1 (La.App. 3 Cir. 6/1/05), 904 So.2d 938, 939.

Relators assert two assignments of error. First, Relators submit that the trial court erroneously concluded that Respondent's claims were not subject to the arbitration provision contained in the contract, "despite the fact that such claims unequivocally arose out of or are related to the Contract and/or the relationships which resulted from the Contract." Second, Relators assert that the trial court erroneously determined "that Lejeune met her burden of stating a viable cause of action against Paramount Automotive when the Contract plainly lists Paramount Nissan as the Seller of the Vehicle."

## Are Respondent's Claims Subject to Arbitration?

> The failure of a party to arbitrate in accordance with the terms of an agreement may be raised either through a dilatory exception of prematurity demanding dismissal of the suit *or* by a motion to stay the proceedings pending arbitration. The defense to a petition that plaintiffs are not entitled to judicial relief because of a valid agreement to submit their claims to arbitration may be raised by the dilatory exception pleading prematurity pursuant to La. C.C.P. art. 926(A)(1), which is determined on the basis of the showing made at the *in limine* trial of the exception, including evidence introduced at the trial thereof. When the issue of failure to arbitrate is raised by the exception pleading prematurity, the defendant pleading the exception has the burden of showing the existence of a valid contract to arbitrate, by reason of which the judicial action is premature.

*Long v. Jeb Breithaupt Design Build Inc.*, 44,002, pp. 6-7 (La.App. 2 Cir. 2/25/09), 4 So.3d 930, 935 (citations omitted). An appellate court reviews a judgment denying a dilatory exception of prematurity for manifest error. *Granger v.*

4

*Granger*, 11-77 (La.App. 3 Cir. 6/15/11), 69 So.3d 666, *writ denied*, 11-1882 (La. 9/16/11), 69 So.3d 1152.

Respondent contends that Relators' exceptions of prematurity and lack of subject matter jurisdiction and motion to stay were properly denied because Respondent's lawsuit did not "arise from" or "relate to" the sales contract. Rather, Respondent argues that the fraudulent acts which form the basis of her claim took place before the parties were bound by the arbitration agreement, and, thus, Relators cannot meet their burden of establishing a valid and enforceable arbitration agreement. Respondent is not merely arguing that her claims did not arise from or relate to the sales contract; she is arguing that Relators' misrepresentations regarding Respondent's income and job title on her credit application rendered the obligations created by the sales contract, including the obligation to arbitrate, invalid and unenforceable.

The Vehicle Retail Installment Contract (VRIC) that Respondent signed is attached to the writ application as Exhibit 1. The VRIC acknowledges Respondent's loan and monthly payment obligation but does not contain any of the information Respondent alleges was fraudulently provided to the lender. This court has not been provided with a copy of the sales contract. Likewise, this court has not been given a copy of the credit application that Respondent initially filled out or the credit application that Relators allegedly altered to ensure that financing would be approved for the sale.

In denying Relators' exceptions and motion to stay, the trial court stated, "The allegation of fraud committed by the defendants is – cannot be considered as a subject of arbitration in a financing agreement. It's outside of the agreement, it's unrelated to the agreement, it's the issue of the inducement for her to sign the agreement. . . ."

5

Relators offered no proof that the credit application and financing agreement were part of the sales contract containing the arbitration provision. Based on the limited showing made, Relators have not shown that the trial court committed manifest error in its denial of their exceptions and motion to stay.

**Has Respondent Stated a Cause of Action Against Paramount Automotive?**

> No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.Proc. art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.

*Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1235 (La.1993).

Relators contend that Respondent cannot sustain a viable cause of action against Paramount Automotive in this matter because the damages Respondent seeks solely arise out of the purchase and financing of the vehicle from Paramount Nissan. Relators further contend that Paramount Automotive is neither a seller of the vehicle nor a party to the contract, and, therefore, Louisiana law does not afford Respondent a remedy against Paramount Automotive.

Conversely, Respondent contends that the trial court properly denied Relators' exception because Relators failed to meet their burden. Specifically, Respondent contends that "[a]lthough it is proper to grant an exception when there is no privity of contract between the parties, it would be improper to grant such an exception before Respondent has that opportunity to determine whether such privity exists." Respondent further contends that evidence indicating that Paramount Automotive was involved in the act of sale exists in the form of a document which lists both Paramount Automotive and Paramount Nissan as parties. This document contains language limiting liability for Paramount Automotive, not

Paramount Nissan, and naming Paramount Automotive as a party. Finally, Respondent contends that granting Relators' exception of no cause of action at this time would be premature because discovery has not yet commenced in this matter.

Here, the allegations of the petition belie Relators' contention that Respondent failed to state a cause of action against Paramount Automotive. To the contrary, Respondent supported her fraud, negligence, and LUTPA claims against Paramount Automotive with well-pleaded allegations. Moreover, the petition reveals that Respondent's claims arose not only from the actual sale of the vehicle, but also from several fraudulent misrepresentations preceding the sale. Thus, a lack of contractual privity might not preclude causes of action Respondent may have against Paramount Automotive for fraud, negligence, or under LUTPA. As noted by the trial court, "the parties need to determine through further discovery which defendants are the proper ones" to remain in this suit. Accepting the well-pleaded allegations of Respondent's petition as true, we are satisfied that she stated a valid cause of action against Paramount Automotive. The trial court did not err in overruling Relators' exception of no cause of action.

### DISPOSITION

The application for supervisory writs by Relators, Paramount Nissan, LLC d/b/a Nissan of Lake Charles; Paramount Automotive, LLC; John F. Stelly; and Dean Bernal is denied. For the foregoing reasons, the judgment of the trial court denying Relators' declinatory exception of lack of subject matter jurisdiction, dilatory exception of prematurity, or, alternatively, motion to stay proceedings and peremptory exception of no cause of action is affirmed. This matter is remanded to the trial court for further proceedings.

**WRIT DENIED.**

7